COHEN et al., *Appellants*, v. ATKINS.

| 73 | 163 |
| 92a | [2]637 |
| 92a | [3]637 |
| 73 | 163 |
| 101a | [3]675 |

1.  **Administration**: FINAL JUDGMENT: APPEAL. The mere investigation and computation of the amount due upon a claim presented against an estate, is not a final judgment, from which an appeal may be taken. There is no judgment until an order is entered allowing such amount as a claim against the estate and classifying the same.

2.  **Proceedings against Estate of Deceased Curator for an Accounting.** In 1876 there was no statute authorizing proceedings to be taken in the probate court against the legal representatives of a deceased curator for the purpose of ascertaining the amount of the ward's assets in the hands of the curator at the time of his death. Prior to the Revision of 1855, and to a limited extent, since the Revision of 1879, (§ 2614,) such proceedings have been authorized.

3.  ———: CURATOR'S BOND. The only remedy of the ward in such case was an action on the curator's bond.

4.  ———: ———: STATUTE OF LIMITATIONS. It seems that if a claim could be allowed in favor of a ward against the estate of his deceased curator for moneys received by the curator in his official capacity, as a mere ordinary claim is allowed for a liability incurred as an individual, the statute of limitations would begin to run in favor of the curator, in respect to so much of the claim as accrued prior to the ward's majority, from that date. But the rule might be otherwise if the action were upon the bond of the curator.

*Appeal from Wayne Circuit Court.*—HON. R. P. OWEN, Judge.

AFFIRMED.

In 1855 James Atkins became guardian of the person and estate of Emma C. Wight, a minor; and in 1873 died without having made final settlement, and leaving his wife, Augusta Atkins, executrix of his will. On the 20th day of June, 1869, Miss Wight became of age, and in 1874 married Philip Cohen; and in 1876 she and her husband instituted this proceeding against the executrix in the county court of Wayne county, sitting in probate, to procure a settlement of the accounts of James Atkins, as guardian. For this purpose they presented an account for

allowance against his estate. This account was not sworn to and embraced items alleged to have accrued prior to June 20th, 1869, and also an item accrued after that date, for rent of a farm belonging to Mrs. Cohen and occupied by the testator. At the August term, 1876, the county court examined this account and found that there was due from the estate of the guardian the sum of $5,636.68, but because the claim was not supported by affidavit, did not at that term allow or classify it. At the February term, 1877, the requisite affidavit was filed, and the allowance and classification was then made. The executrix thereupon, at the same term, appealed to the circuit court. Upon a trial there the court excluded all the evidence offered in support of the plaintiffs' claim, so far as the same appeared in the account as having existed prior to June 20th, 1869, on the ground that it was barred by the statute of limitations, and likewise excluded all the evidence offered in support of the rest of the claim on the ground that it was a general indebtedness and could not be sued for in the same action with demands arising out of the fiduciary relations between the guardian and his ward.

*Thos. Holladay* and *Wm. N. Nalle* for appellants.

1. The trial court erred in not dismissing the respondent's appeal. The judgment of the county court of August, 1876, was, for the matter then determined, final. It being to all intents and purposes a final settlement with the representative of the deceased guardian. Wag. Stat., § 47, p. 77; Gen. St. 1865, § 68, p. 487; *State v. Grace*, 26 Mo. 87; *Dillon v. Bates*, 39 Mo. 293.

2. The trial court erred in its rulings, which coerced the non-suit. (a) As against guardians the statute of limitations does not begin to run in their favor till after notice and final settlement. 1 Wag. Stat., §§ 48, 49, 50, p. 681; Gen. St. 1865, §§ 48, 49, 50, p. 471; *Wiggins v. Lovering*, 9 Mo. 262; *Bryan v. Mundy*, 17 Mo. 556; *Clark v. Collins*, 31

Mo. 260; *Oldham v. Trimble,* 15 Mo. 225; *State v. Roland,* 23 Mo. 95. (*b*) The demand was an account current. The trial court split up the account to support its rulings. It ought not to have done so. *Penn v. Watson,* 20 Mo. 13; *Ring v. Jamison,* 2 Mo. App. 584. (*c*) Can it be that wards may lose their estates as in this case? This court says, in *Stong v. Wilkson,* 14 Mo. 122, " Infant heirs, as against administrators, curators and guardians, invoke not merely the most rigid and exact justice, but the most patient investigation of all the courts." (*d*) The demand of Mrs. Cohen being based upon an account current, it is impossible to see how she could be prevented from recovering because some of the items had their origin in fiduciary relations between herself and guardian.

*J. W. Emerson* for respondent.

1. Plaintiffs sought to unite in the same claim and case, the claim against Atkins as guardian and curator, and also the claim for rent of farm after he had ceased to be guardian. What he and his securities owed as guardian and curator was one thing, and what he might owe personally as rent of farm, long after he was guardian and curator, was quite another thing, and could not be united in same action; hence the court rightly excluded evidence as to the latter.

2. That part of plaintiffs' claim which accrued prior to Mrs. Cohen's majority is barred by the statute of limitations.

3. There was no final judgment in the county court until the February term, 1877. The appeal was, therefore, taken in time.

I.

SHERWOOD, C. J.—The appeal was taken in time, being taken at the term at which the judgment was really rendered and the claim allowed against the estate. The pro-

ceedings first had in the county court only resulted in a computation being made as to the amount due from the curator to his ward. Considered as a claim against the curator's estate, that claim could not be regarded as complete; could not, under the statute, be allowed and classified against the estate until the proper affidavit was made, which was not made till the second term after the computation was had by the court as to what was the amount with which the estate should be charged. When that affidavit was filed, then the claim was classified and allowed; thus became a judgment, and then, and not before, was the appeal taken, nor could it have been taken prior to that time.

## II.

Under the law as it existed prior to the revision of 1855, it was competent for the county court, upon the death of a curator, to summon the legal representative of the deceased curator, and ascertain the amount of the ward's assets in the hands of the curator, at the time of his death, section 11, page 211, Session Acts 1851, authorizing the county court to ascertain such amount "in any practicable way," etc. And so it was ruled in *State v. Grace*, 26 Mo. 87; and further, that the settlement thus made with the legal representative of the deceased curator could be made the basis of a suit on the bond of the curator, and was *prima facie* evidence of the liability of his sureties on such bond. But that useful statute passed out of existence with the revision of 1855, and has never been re-enacted, except to a certain extent by section 2614, R. S. 1879. So that the proceeding in the county court in the present case, whereby the executrix was summoned and a settlement endeavored to be made with her as such executrix, did not possess the sanction of statutory authority, and, therefore, must be regarded as *coram non judice*.

## III.

If that proceeding is to be thus regarded, and it was,

as seems to be evident from the record, made the basis for the claim thereupon presented by the plaintiffs for allowance, such allowance would manifestly possess no greater legal validity than the proceeding whereon it was bottomed. When the curator took possession of his ward's estate and gave bond as required by law, that bond thereupon constituted the basis and measure of his legal liability. The remedy of his ward was thenceforward, two-fold: 1st, By putting the machinery of the county court in motion to compel her curator to make annual settlement, and then a final settlement. Gen. St., §§ 42, 48, 50, pp. 471, *et seqs.* 2nd, An action on the bond for any breach of the conditions thereof. But any proceeding had against the curator could only have been had against him in his official, and not in his individual capacity. For illustration, he could not have been sued as an individual for conversion of the property of his ward, nor for money had and received belonging to his ward. The only method of redress would have been those already pointed out. If he could not, while in full life, have been sued as an individual of and concerning anything touching his curatorship, nor proceeded against in the county court, except in his official capacity, with the view of compelling settlement, most assuredly the remedies against him in that regard would not be enlarged as a consequence of his death, unless special statutory provision to that effect existed. If the foregoing positions be correct, then it results that any liability incurred by the curator during his life, could not be enforced after his death by having a claim allowed in the ordinary way against his estate, but only by a suit on his bond.

## IV.

And even if a claim could be allowed against the estate of the curator, as a mere ordinary claim is allowed, for a liability incurred as a mere individual, it is clear that, as ruled by the circuit court, the statute commenced to run as to that portion of the indebtedness which accrued prior

to June 20th, 1869, when the ward attained her majority, and from that date. If, however, a suit had been brought on the bond for all the breaches thereof, down to the time of the curator's death, as was perhaps the proper course, inasmuch as no final settlement had been made of the ward's estate, it may be a different ruling in such case ought to prevail as to the matter of the statute of limitations, a point which it is not now necessary to rule. For the reasons aforesaid, the judgment will be affirmed. All concur.