THE STATE OF MISSOURI TO THE USE OF JOHN E. SMITH, GUARDIAN AND CURATOR OF JOHN W. ROBERTS, JAMES L. ROBERTS, AND MARY E. ROBERTS AND IDA M. NICHOLS AND DAVID H. NICHOLS, HER HUSBAND, Respondents, v. ROBERT S. MARTIN AND JOSEPH G. JONES, Appellants.

Kansas City Court of Appeals, June 15, 1885.

1. PRACTICE — PLEADING — MATERIAL AVERMENTS. — Where material averments of the petition are denied, judgment can not be legally rendered on the issues without proof of the truth of said averments.

2. GUARDIANS—LIABILITY OF SURETIES UPON A SETTLEMENT MADE BY ADMINISTRATOR OF GUARDIAN.—The difference in the provisions of the statutes of this state between the bond of an administrator and that of a guardian or curator, is very great: and a settlement made

with the probate court by the administrator of a guardian is only *prima facie* evidence of the liability of the *guardian's sureties* on his bond. Following *State v. Green*, 26 Mo. 87 ; *Nolley v. Callaway Co.*, 11 Mo. 447. But the settlement of an administrator is held absolutely binding on *his* sureties, because they had contracted to pay for their principal any money he might be ordered to pay, etc. *State v. Holt* 27 Mo. 340. The sureties of a guardian may show anything contrary to the settlement, if they can.

3. ———— ESTATE OF MINOR AS TO MAINTENANCE.—If the estate of the child will warrant it, and the father is poor, an allowance will be made for its support according to its expectations, and this without regard as to whether it is for past or future maintenance. Following *Guion v. Guion's Adm'r*, 16 Mo. 52.

APPEAL from Boone Circuit Court, HON. GEO. H. BURCKHARTT, J.

*Reversed and remanded.*

Statement of case by the court.

Before judgment in the circuit court the above named plaintiffs, Ida M. Nichols and David H. Nichols, dismissed this suit as to them. This statement will, therefore, contain the facts so far only as they concern the remaining parties herein.

Plaintiff for amended petition alleged the appointment of one Tyre M. Roberts, by the probate court of Boone county, as curator of John W., James L., and Nancy E. Roberts ; that said Tyre M. Roberts duly qualified as such curator by giving and executing his curator's bond, with himself as principal, and the defendants as his sureties, in the penal sum of one thousand dollars, which was duly accepted and approved by the probate court aforesaid, and that said Tyre M. Roberts, as such curator, received the property and the estate of his said wards, and *proceeded to control and administer the same.* That thereafter the said Tyre M. Roberts died intestate, and Eli Penter was duly appointed by the probate court administrator of his estate, and was required by said court to make a statement showing what amount, if any, was due from said intestate as the guardian and curator of said wards. That after a just and proper accounting

was had, it was found and adjudged by said probate court, on the 13th day of November, 1881, that there was due to each of the three said wards the sum of one hundred and twenty-six dollars and twenty-two one-hundredths, and thereupon judgment was rendered by said court in favor of John E. Smith, guardian and curator of said wards, for the sum of three hundred and seventy-eight dollars and sixty-six one-hundredths, said Smith having been duly appointed and qualified as such guardian and curator, on the 17th day of May, 1881, etc., etc., for which sum, with interest, etc., judgment was asked.

The defendants for answer admitted all the allegations of the petition down to and including the words *"proceeded to control and administer the same"*; and denied generally all the other allegations of the petition. Further answering, the defendants alleged the utter insolvency of Tyre M. Roberts for three years prior to his death, and his total inability, owing to his poverty and helpless invalid condition two years prior to his death, to support, maintain, and educate his said wards and children, otherwise than by using their estates; that he used their estates during those years solely in procuring the necessaries of life and educating them; that he intended to charge and did charge them, during those last years of his life, with the amounts he was thus compelled to use for them, which consumed their respective estates, and that the charges so made by said Tyre M. Roberts, as curator, are not itemized by defendants, as the items of those charges are more particularly within the knowledge of relators than of appellants, and that appellants are wholly without remedy, as said sureties, unless allowed to maintain the defence made.

The plaintiff demurred to that part of defendant's answer containing the new matter. The demurrer was sustained by the court below. The defendants declined to answer further and the court rendered judgment in favor of plaintiffs, in accordance with the prayer of the petition. From that judgment the defendants have appealed to this court.

DOUGLASS & BABB and W. J. WARREN, for appellants.

I.   The court erred in sustaining demurrer to answer. There are cases where the allowance ought to be made to the parent from the ward's estate for support, and especially where the father has been compelled to use the means of his wards, and has, in good faith, charged the wards with the means so used.   The answer discloses that the father was for three years prior to his death utterly insolvent, was a helpless invalid, wholly unable to support and educate his wards and children out of his own means, or by his labor, and was compelled to use the property to supply them with the necessaries of life and furnish the means of education, and that he charged these wards with these necessaries, etc., furnished. *Guion v. Guion's Adm'r*, 16 Mo. 48; *Otto v. Breton*, 55 Mo. 99.

II.   The sureties on the bond of a deceased curator can not, under the guardian's and curator's act (ch. 37, Revised Statutes, 1879), confer any jurisdiction on the probate court by appearance, nor can the court otherwise acquire jurisdiction for the purpose of rendering a judgment against said sureties.   The appellants have the right to be heard fully in regard to the whole administration of the deceased curator, in this or a similar proceeding.

III.   In the answer, a number of the material averments of the petition are denied—in short, everything alleged *except* the curatorship of Roberts.   Notwithstanding this, however, the court, after sustaining the demurrer, proceeded at once *without any evidence* whatever to render judgment against the appellants.   This was manifest error.

WELLINGTON GORDON, for the respondents.

I.   The court committed no error in sustaining demurrer to appellant's answer.   The parent is bound to support, maintain, and educate his child.   He can not appropriate its estate, for the above purposes, except under the order and direction of the probate court.   He should have applied for such order, and, failing to do so,

his securities are liable. The statute expressly provides for such order and appropriation. Section 2586, Revised Statutes of Missouri, 1879; *Gillette v. Camp*, 27 Mo. 502; *Otto v. Boctom*, 55 Mo. 99; *State to use Brent v. Grace's Adm'r*, 26 Mo. 87; *Guion v. Guion's Adm'r*, 16 Mo. 48.

II. The record shows, and the answer admits, that whatever was due from Roberts was used and converted by him in the manner stated in the answer, and the amount was adjudged to be due them by the probate court on final settlement had with said court by the administrator of said curator (Roberts). This judgment was *final* and conclusive, and binding on appellants as his securities. This rule holds as to securities on bonds of *administrators* and is equally applicable to securities on bonds of *guardians and curators*. *State to use, etc., v. Holt*, 27 Mo. 340; *Dix v. Morris*, 66 Mo. 514.

III. The father, although he is guardian of the child, is bound to support it, and if not so, he must, before being permitted to apply any portion of his ward's income to that end, procure the sanction of the probate court or other proper court. Am. Probate Reports, vol. 2, p. 489; *Burke v. Turner*, 85 N. C. 509; Horton's Appeal, 94 Pa. St. 62.

IV. The court did not err in giving judgment for plaintiff on the demurrer, as defendants elected to stand on their answer and refused to amend or proceed further with the trial of the cause, and the answer admitted all of the essential facts authorizing the court to render judgment against defendants.

Opinion by Hall, J.

1. The defendants complain of the judgment of the circuit court, among other reasons, because the answer only admitted the appointment and qualification of Tyre M. Roberts as curator of the said wards, as alleged in the amended petition, and denied all the other allegations of the petition, including the allegations as to the appointment of Eli Penter as administrator of the estate of said Tyre M. Roberts, and the judgment of the probate court

against him as such administrator, and the appointment of John E. Smith as guardian and curator of the said wards after the death of their former curator, Tyre M. Roberts. This is unquestionably the real condition of the pleadings. All those material averments of the petition were denied, and the judgment rendered by the circuit court should not have been rendered without proof of the truth of said averments. For this reason, the judgment of the circuit court will have to be reversed.

2. This error of the circuit court was merely a technical error, as we presume from the record herein; and supposing that the judgment was rendered by the probate court against Eli Penter, administrator of Tyre M. Roberts, as alleged in the petition, we feel called upon now to determine what the effect of that judgment, as alleged, is upon the rights of the defendants.

It is urged by the defendants that they, as sureties of Tyre M. Roberts, had no day in court during the proceedings in the probate court against Eli Penter as administrator of said Roberts, and that under section 2614 of Revised Statutes, the said court had no power to render any judgment against or binding upon them as such sureties.

Section 2610 of said statutes, concerning guardians and curators, provides for the making of final settlements by such guardians and curators. Section 2611 provides "for the payment of the amount found due, on such settlements, to the wards," etc.

Section 2612 is as follows: "If the guardian or curator fail to pay the money so ordered to be paid, the same proceedings may be had against him and his sureties to compel such payment, as authorized in cases where an executor or administrator fails, when ordered to pay demands against an estate."

Section 2614 provides that, "In case of the death of a guardian or curator, his administrator or legal representative, shall make settlement with his successor and deliver the property and money belonging to the ward of his decedent to such successor."

Under the above sections of the statutes, the probate

court had power to summon the administrator of Roberts, ascertain the amount due from Roberts as guardian and curator of the said wards, and direct the said administrator to pay the said amount so found due to the then curator of the wards. This settlement, made by the probate court, was a final settlement, and had the binding effect of a judgment, so far as the administrator was concerned. But as to the sureties on the curator's bond of Roberts, the settlement was not conclusive, and was only *prima facie* correct. *State v. Grace*, 26 Mo. 87; *Cohen v. Atkins*, 73 Mo. 166.

We have considered the decisions made by the supreme court, holding a final settlement made with an administrator or executor conclusive and absolutely binding, not only upon him, but also upon his sureties. But an examination of the leading case, that of *The State v. Holt* (27 Mo. 343), will show that the opinion of the court, delivered by Napton, J., was based principally, if not wholly, upon the language of the administrator's bond, which provided that the administrator "should faithfully administer said estate, account for, pay and deliver all money and property of said estate, and perform all other things touching said administration, required by law, *or the order or decree of any court having jurisdiction.*"

The bond upon which this suit is based, is in the statutory form and provides that the curator shall discharge all his duties according to law. The difference between the provisions of the bonds is very great.

In the case of *The State v. Green* (26 Mo. 87), the supreme court, composed of Judges Scott, Napton, and Richardson, hold that such a settlement as the settlement in this case, made by the probate court against a guardian was only *prima facie* evidence of the liability of the guardian's sureties on his bond, in an action on the bond against those sureties. And the case of *Nolley et al, v. Callaway County Court* (11 Mo. 447), is cited as an authority for so holding. This latter case was a case in which suit was brought on the official bond

of the county treasurer against him and his sureties, and in that case the settlement made by the treasurer was held to be *prima facie evidence* only of the liability of the sureties. By the supreme court, the two cases were treated as parallel.

But in the case of *The State v. Holt, supra,* the same court, composed of the same judges, held the settlement made by an administrator binding absolutely and conclusively upon his sureties, because they had contracted to pay for their principal any money which he might be ordered, by any court having jurisdiction, to pay, and should fail to so pay; and their principal had failed to pay a sum which he had been ordered to pay by a court having jurisdiction. Neither the supreme court then, nor in the case of *Cohen v. Atkins, supra,* thought there was any conflict between the case of *The State v. Grace* and the case of *State v. Holt.*

They were decided upon entirely different principles. In this case, we accordingly hold that it was competent for the defendants to show that their principal, Tyre M. Roberts, at his death, was not chargeable, as curator of the said wards, with any sum whatever, or with the amount charged against him in the settlement made by the probate court with his administrator, Eli Penter. The burden of so showing and proving is upon the defendants.

3. Did the court err in sustaining the plaintiff's demurrer to the defence set up in the answer? The plaintiff on this point argues that, inasmuch as the statutes provide that the probate court may order the proper education, support, and maintenance of wards, according to their means, and for that purpose, from time to time, may make the necessary appropriations, etc., the guardian and curator has no right, without an order by the probate court first made, to use for those purposes the money or property of the wards, under any circumstances whatever. In other words, the plaintiff insists that, for the present or future maintenance, the probate court may make provision and allowance; but that, for the past maintenance of the wards by their

guardian and curator, the probate court can make no allowance to such guardian and curator.

Upon this subject, the supreme court, in the case of *Guion v. Guion's Administrator* (16 Mo. 52), said: "Each case is governed by its own circumstances. If the estate of the child will warrant it, and the *father* is poor, an allowance will be made for its support according to its expectations, and this without regard as to whether it is for *past or future maintenance.*" And again, in the same case, it is said, in speaking of the case of *Cummins v. Cummins* (8 Watts 366): "We fully adopt the opinion of the court in Pennsylvania, not considering it as precluding a mother from an allowance for *past maintenance, under circumstances in which it would be proper to give it.*" It is further said, in the same case: "* * * As the evidence of her having received the money was of record, had such been her intention, she would have kept an account with her son, or, at least, have charged him with the sums she expended in his education." The opinion in that case was delivered by Judge Scott, and its correctness has never been questioned in this state.

Applying the principles of law laid down in that case to the facts of this case, we feel forced to answer the above question in the affirmative, and to hold that the trial court did err in sustaining the demurrer to the defence set up in the answer. If one could suppose a case in which a father, acting as curator for his minor children, would be entitled to allowance for past maintenance of his wards, it would be a case in which the father was utterly insolvent; in which for years in succession he was an invalid and helpless; in which he was wholly unable to support, maintain, or educate his said children and wards out of his own means, or by his own labor; in which he did support, maintain, and educate his children and wards out of their property and funds coming into his hands as curator, and in which he intended to, and did, charge his said wards respectively for said support, maintenance, and education. This is what is alleged in the answer. If the defendant should prove these allega-

tions to be true, he would, in our opinion, prove that said Tyre M. Roberts, at his death, was not chargeable at all, as curator, with any sum. The undertaking of the defendants was not that Tyre M. Roberts, the curator of the wards, would, as their father, be able to, and would, support said wards as his children; but it was that said Roberts would, as such curator, discharge all of his duties according to law. If the allegations of the answer be true, with the latter duty the said Roberts did not fail to comply.

The judgment of the circuit court is reversed, and the cause is remanded.