In the Matter of Trust Estate of Mary M. Parker et al., James L. Clark, Trustee, Defendant in Error, v. E. O. Beal, Admr., etc., National Surety Company, Plaintiffs in Error.—67 S. W. (2d) 115.

Kansas City Court of Appeals. January 8, 1934.

*E. M. Jayne* for defendant in error.

*John M. Campbell, Henry L. Jost* and *Mord.M. Bogie* for plaintiff in error, National Surety Company.

REYNOLDS, C.—Plaintiffs in error, on the thirteenth day of January, 1933, filed their petition in this court praying for a writ of error to the Circuit Court of Adair County, Missouri, directing that a transcript of the judgment and all proceedings lately therefor had in said court in a cause therein entitled ''In the Matter of the Trust Estate of Mary M. Parker and Mary Katherine Fortney under the Last Will and Testament of Albert G. Parker, Deceased, James L. Clark, Trustee'' be transmitted to this court for review and for the correction of errors in the proceedings therein and in the judgment. Such petition on said date being granted, a writ of error was ordered and issued in compliance with which a complete transcript of such record, duly certified by the clerk of said Adair county circuit court, has been filed.in this court, the salient features of which appear in the statement following herein.

It appears that, lately, prior to the tenth day of July, 1929, one Albert G. Parker of Adair county, Missouri, died testate; that, by the terms of his will, he gave to his widow, Mary M. Parker, the

use of all the property of which he died seized for and during her natural life and, at her death, all of such property remaining he gave to his daughter, Mary Katherine Fortney; that said will was proved and admitted to probate in the Probate Court of Adair County, Missouri, and, by the terms thereof, Charles S. Davis was appointed executor of the same; that the said Davis, under said appointment, duly qualified as such executor and, upon the administration of said estate by final settlement filed at the close of said administration, disclosed a balance of $3128.39 due from him as such executor to said estate at such time. On the tenth day of July, 1929, the said Charles S. Davis appeared in the Circuit Court of Adair County, Missouri, and filed his petition, stating the facts aforesaid and asking for his appointment as trustee to take charge of, handle, and control said money under the direction of the court. Such petition being heard on said date by the court, the court thereupon entered an order appointing the said Charles S. Davis trustee of said estate and for the said Mary M. Parker and Mary Katherine Fortney, the beneficiaries thereof under said will. Thereupon, the said Charles S. Davis, as principal, with the National Surety Company, as surety, entered into a bond to the State of Missouri in the sum of $6000 for the faithful performance of his trust by the said Charles S. Davis and for the accounting for and payment over of said trust fund in the said sum of $3128.39. So far as the records of said court disclose, said Charles S. Davis performed no further act as such trustee. It does not appear that he ever filed an inventory of said estate or any statement or settlement showing what, if any, part of the said sum of $3128.39 had been taken in charge by him as trustee or what property, if any, he held as such. In December, 1930, it appears that said Davis died; and, thereafter, on the twenty-second day of December, 1930, such matter being called to the attention of the court—that the said Charles S. Davis was dead —the court, by its order, appointed James L. Clark as trustee of said estate as his successor and fixed his bond at the sum of $6000, which said bond was thereupon executed by the said Clark with the Maryland Casualty Company as surety and duly approved by the court on January 9, 1931. Thereafter, on the fourteenth day of March, 1931, said James L. Clark, as such trustee, filed in said circuit court his motion for a citation against one E. O. Beal, administrator *cum testamento annexo* of the estate of the said Charles S. Davis, deceased, alleging, among other things, the due appointment of said E. O. Beal as such administrator by the Probate Court of Adair County, Missouri, and his qualification as such administrator under such appointment and his continued action in such capacity and alleging, further, that the said Charles S. Davis, as trustee of the trust estate, had never made and filed any settlement of his trust with the court during his life and that, since his death, the said E. O. Beal, as his administrator, had never made or filed any settlement for him

as such trustee. The prayer of the motion was for an order citing said E. O. Beal, administrator as aforesaid, to be and appear in the court on a day to be named in said order and to settle the account of said Charles S. Davis as trustee and to pay over to the movant trustee, as successor to the said Davis, the funds and property so held by him and due to said estate from him and for such other and further orders as the court might find due and proper. On the fourth day of March, 1931, at the regular January, 1931, term of the court, said petition was heard and the following order made:

"Now, on this 4th day of March, 1931, comes the trustee herein and files his petition and motion for an order citing E. O. Beal, administrator *cum testamento annexo* of the estate of Charles S. Davis, deceased, to be and appear in this court on a day to be named and to make settlement of the accounts of said Charles S. Davis with this trustee, and it appearing to the court that E. O. Beal is the duly appointed, qualified and acting administrator *cum testamento annexo* of the estate of Charles S. Davis, deceased, it is by the court ordered that such administrator be and appear in this court on or before the 31st day of March, 1931, and that he file herein settlement of accounts of Charles S. Davis with this trust and estate and that he deliver to the successor of Charles S. Davis, the said James L. Clark, trustee, the property and money belonging to said trust and estate, and it is further by the court ordered that a certified copy of this order and record be delivered to and served upon said E. O. Beal more than twenty days prior to the said 31st day of March, 1931, and that a copy be delivered to the National Surety Company, the surety on the bond of said Charles S. Davis."

Thereafter, on the thirty-first day of March, 1931, at the same January term of court, the said E. O. Beal, successor of the said Charles S. Davis as trustee of said estate, was granted leave to file exceptions to said settlement; and the cause was continued to April 13, 1931. The settlement so filed by the said E. O. Beal was as follows:

### "Settlement.

"Now, at this day, comes E. O. Beal, administrator with will annexed of the estate of Charles S. Davis, and presents statement of account of and for said Charles S. Davis as trustee of the estate of Mary Parker and Katherine Fortney under the will of Albert G. Parker, deceased, and vouchers for his settlement and report are as follows:

| "No. of Voucher | Debit Dols. Cts. | Credit Dols. Cts. |
|---|---|---|
| "The records of the Probate Court of Adair County, Missouri, show final settlement filed and approved by the court the 24th day of May, 1929, made | | |

by Charles S. Davis, executor of the estate of Albert G. Parker, from which settlement there is found to be in the hands of said executor and belonging to said estate the sum of.....$3128.39.

"I find in the files of said court, receipt of which following is copy:

"Voucher No. May 29, 1929.

"Received of Charles S. Davis, executor of the estate of Albert G. Parker, the sum of thirty-one hundred twenty-eight & 39 dollars the same being payment in full in settlement of amount due from estate of A. G. Parker.

"3128.39.

"CHARLES S. DAVIS, Trustee
"Albert G. Parker estate.

"I have been unable to find any record of the order of discharge of said Charles S. Davis as executor of the estate of Albert G. Parker.

"The records of the now closed Bank of Brashear, Brashear, Missouri, show the following account.

"1930      'C. S. Davis, Trustee, Albert G. Parker estate'

| | | |
|---|---|---|
| "Apr. 29 deposit | 62.56 | |
| "Apr. 28 Check to Mrs. A. G. Parker | | 62.56 |

"Pd. Apr. 29

"The records of said Bank of Brashear further show a balance on deposit in said bank to the credit of Charles S. Davis, executor of Albert G. Parker Estate      242.29

"I have been unable to find any other or further book accounts of this estate.

"E. O. Beal, the above administrator with will annexed of the estate of Charles S. Davis, being duly sworn on his oath says that the facts stated herein are true according to his best information and belief.

"Subscribed and sworn to before me this 31st day of March, 1931.
"(Seal)                               "EVELYN BARCLAY,
"Circuit Clerk."

On the sixth day of April, 1931, James L. Clark, trustee, defendant in error, filed his exceptions to said settlement and, thereafter, on the sixteenth day of May, 1932, at the regular May term of the court, by leave of the court, filed his amended exceptions upon which, later being heard on the thirtieth day of May, 1932, the court rendered the judgment herein complained of. The amended exceptions so filed were as follows:

"Now comes the trustee herein and objects to the settlement and report filed in this cause on the 31st day of March, 1931, by E. O. Beal, administrator with the will annexed of the estate of Charles S. Davis, deceased, the former trustee in this trust and for grounds of his exceptions say that the purported settlement is incomplete and insufficient in law; that said settlement does not charge the former trustee herein with all items for which he should stand charged and that the purported items of credit in said settlement are illegal; that the said Charles S. Davis, as trustee, herein received, on the 24th day of May, 1929, the sum of $3,128.39 and that he or the said E. O. Beal, as administrator, has wholly failed to account for any of the money so received by him or for the interest thereon from and after said 24th day of May, 1929.

"Wherefore, this trustee prays that this court, by proper order, ascertain the amount of money in the hands of said trustee, Charles S. Davis, at the time of his death or that came into his hands and remained unaccounted for in his representative capacity at the time of his death or for which he, under the terms of his bond made and filed herein, became and was liable; that the court ascertain said amount, render judgment and decree that there is due from said estate the amount so found to be due together with interest thereon from the day the same was received by said trustee and that the court render judgment against the surety on the bond of said Charles S. Davis, to-wit, the National Surety Company, and order execution therefor to issue."

The judgment of the court so rendered, of which plaintiffs in error complain, is as follows:

"Now on this 30th day of May, 1932, the amended motion and petition of James L. Clark, the trustee of this estate, asking that the court ascertain the amount of money in the hands of Charles S. Davis, former trustee of this trust at the time of his death, or that came into his hands and remained unaccounted for by him in his representative capacity at the time of his death, or for which under his bond made and filed herein with the National Surety Company as surety he became and was liable, and that the court after ascertaining said amount render judgment therefor and enter its decree that there is due from said trustee and from his legal representative the amount so ascertained, and that the court render judgment against the National Surety Company, the surety on the bond of the said Charles S. Davis,

406

for the amount so found; again coming on before the court, comes James L. Clark, the trustee, in his own proper person and by his attorneys and this matter having previously, on the 16th day of May, 1932, been taken up by the court and considered at which time E. O. Beal, administrator with the will annexed of the estate of Charles S. Davis, deceased, appeared in person and by his attorney and National Surety Company, as surety, on the bond of Charles S. Davis, former trustee, appeared by James M. Moore, its attorney, who orally stated that National Surety Company appeared only for the purpose of questioning the jurisdiction of the court to render any judgment against it as surety upon the bond of the said Charles S. Davis, and it appearing that E. O. Beal, administrator with the will annexed of the estate of Charles S. Davis in compliance with the order of this court made and entered of record in this cause on the 4th day of March, 1931, did on the 31st day of March, 1931, file herein a settlement of the accounts of Charles S. Davis with this trust and this estate and it further appearing to the court that National Surety Company, surety on the bond of Charles S. Davis, as trustee, was duly served with notice of this inquiry and hearing and that the appearance of its said attorney James M. Moore, hereinabove referred to, was in response to such notice and the court having heard all of the evidence in the cause and being fully advised in the premises finds Charles S. Davis, as trustee, on or about the —— day of June, 1929, received as trust funds of this estate the sum of $3,128.39, and the court finds that the said Charles S. Davis, as trustee of this estate made and executed a written instrument acknowledging receipt as trustee of the aforesaid sum of $3,128.39, on said date; and that by virtue of the terms of the bond made and filed in this cause by the said Charles S. Davis, as principal and by the National Surety Company as his surety the said Charles S. Davis at the time of his death was liable to account to his successor as trustee for the full sum of $3,128.39, together with six per cent interest thereon from and after the 21st day of June, 1929, and the said National Surety Company as surety on the bond of the said Charles S. Davis was liable for the payment of the amount for which the said Charles S. Davis was so liable to account in the event of a default on behalf of the said Charles S. Davis and the court further finds that the said Charles S. Davis at the time of his death did not have said funds or any part thereof on hands, or in his possession; and that all of said funds were by the said Charles S. Davis wasted and lost.

"It is, therefore, by the court determined, ascertained, adjudged and decreed that there came into the hands of Charles S. Davis, trustee of this trust, on the —— day of June, 1929, the total sum of $3,128.39; that at the time of the death of Charles S. Davis, there remained in his hands as trustee unaccounted for by him in his representative capacity the said sum of $3,128.39 with six per cent inter-

est from and after the date the same was so received by him; that by the terms of his bond· as trustee,· made and filed in˙this cause with National Surety Company, ·as surety, the said Charles S. Davis was liable to account·to· his successor trustee for the sum of $3,128.39 as having come into his hands on the —— day of June, 1929, and to account for interest on that sum from that date until the date of his death and the said National Surety Company as surety on his bond was liable to pay said amount in the event of a default on behalf of the principal of said bond; and the said James L. ·Clark; trustee, is by the court directed to require of and recover from the administrator of the estate of the·deceased Charles S. Davis, and the surety on his bond as such trustee the sum of $3,408.55˙ with six per cent interest on said sum from and after the date of the death of the said Charles S. Davis until paid.''

## Opinion.

1. The proceeding in the court below seems to have been inaugurated by defendant in error as trustee of the trust estate arising under the will of Albert G. Parker, deceased; within the jurisdiction of the court, for the purpose of compelling plaintiff in error, E. O. Beal, administrator *cum testamento annexo* of the estate of Charles S. Davis, deceased, former trustee, to make settlement of the accounts of the said Charles S. Davis, deceased, former trustee; with defendant in error trustee, as his successor in the management of said·trust, and to pay over to him as˙such trustee the amount found upon said settlement to be due said trust estate and for·judgment therefor against the surety upon the bond of the said Charles S. Davis.

It was originated by the issuance of a·citation·to plaintiff in error as such administrator upon motion therefor filed by defendant in error as such trustee directing such settlement and payment and by notice to the surety upon the bond.

By an amended motion later filed; the court was·further ·asked to ascertain and determine the amount of the·trust estate coming into the hands of the·deceased·trustee Charles·S. Davis and remaining unaccounted for at the time of his death for which he, under the terms of his bond, was liable and that the amount so ascertained be decreed to be due from the estate of the deceased trustee, as found, together with interest thereon from the date the same had been received by said deceased, and for judgment against plaintiff in error the National Surety Company, the surety upon the.bond of the·said Charles S. Davis, and that execution be issued therefor.

The court, upon the final hearing, found that said deceased trustee had, about the twenty-ninth day of June, 1929, received, as trust funds belonging to the trust estate, the sum of $3128:39 for which, by virtue of the provisions of his bond upon which plaintiff in error, the National Surety Company, was surety, he was liable to account at

the time of his death to his successor as trustee, the defendant in error, in the full amount with interest at six per cent from the twenty-ninth day of June, 1929, amounting to $3408.55 and for the payment of which the said National Surety Company, as surety, was also liable in the event of default in the payment of the same by the said Charles S. Davis.

The court further found that the said Charles S. Davis at the time of his death did not have any of said funds on hand but had wasted and lost all of the same and directed that defendant in error, James L. Clark, as trustee, require of and recover from the plaintiffs in error, the said administrator and the said surety, the said sum of $3408.55 so found to be due and unaccounted for at the time of the death of said Davis with six per cent interest thereon from his death.

The plaintiff in error National Surety Company did not enter a general appearance in the court below but for the purpose only of protesting the jurisdiction of the court to proceed and render judgment against it. It may be further noted at this place that it does not appear from the record that Albert G. Parker, under whose will the trust arose, by said will or otherwise nominated a trustee to administer the trust estate. It also appears that the sum of $3128.39, with which the court charged the accounts of the deceased trustee, was a sum disclosed by the final settlement of the said Charles S. Davis, as executor of the estate of the said Albert G. Parker in the Probate Court of Adair County, as being the balance due the estate of said Albert G. Parker on final settlement. The only evidence upon which the court acted, so far as is disclosed by the record, in charging said sum to the said Charles S. Davis as trustee, was a receipt by the said Charles S. Davis as trustee to himself as executor, filed as a voucher with his settlement as executor in the probate court, which receipt appears to have been dated some forty-seven days prior to his appointment as trustee by the court.

2. The record and proceedings of the court below are challenged by plaintiff in error National Surety Company upon numerous grounds, chief among which are that the court had no jurisdiction to entertain such proceedings by reason of the fact that they were summary in character and unauthorized by any express law and that neither the said Charles S. Davis nor the said James L. Clark were ever legally appointed trustees of the trust estate and that the appointment of each was void for want of jurisdiction in the court to make such appointment.

The defendant in error has not favored us with a brief suggesting any specific theory by which such record or proceedings might be justified.

3. The power of a court of equity to appoint a trustee to administer and protect a trust estate arising under a will, within its jurisdiction, when needed, exists without a statute therefor. Such author-

ity inheres in the court. [Brandon v. Carter, 119 Mo. 572.] Such an appointment, under the circumstances shown by the record in this case, does not require for its validity that it should have been made upon notice to the parties beneficially interested in the estate. It is valid without such notice. [Brandon v. Carter, supra; Rothenberger v. Garrett, 224 Mo. 191.] The case of Hitch v. Stonebraker, 125 Mo. 128, cited in its brief by plaintiff in error, National Surety Company, involved the removal of a trustee; and what is therein said about the necessity of notice must be read with reference to the facts of the particular case. The doctrine of the case of Brandon v. Carter, supra, is in no way discredited therein. Neither is the doctrine of such case discredited by the case of Rothenberger v. Garrett, supra; upon the other hand, such case is distinguished and expressly approved. It follows that the contention of plaintiffs in error against the validity of the appointment of defendant in error James L. Clark as his successor upon his death must be denied.

4. However, the further proceedings were not according to the course of the common law and constituted a form of trial disregarding the established course of proceedings and, being summary in character, were such as required an express statute for their exercise. This seems to be the accepted view. [60 C. J. 1014; Cohen v. Atkins, 73 Mo. 163, l. c. 166; Gunn v. Sinclair, 52 Mo. 327, l. c. 332; Nolan v. Johns, 27 Mo. App. 502, l. c. 508; Keary v. Baker, 33 Mo. 603, l. c. 612.] When such proceedings are authorized, they are governed wholly by the provisions of the statutes authorizing them; and, in the prosecution of such, the provisions of such statutes, being in derogation of common right, must be strictly complied with. [Owens v. Andrew County Court, 49 Mo. 372, l. c. 378; Judson v. Smith, 104 Mo. 61; 60 C. J. 1015.] There has been no statute called to our attention authorizing the proceedings in question so far as relates to trusts or trustees or the control of trust estates in the circuit court. At one time, there were summary proceedings authorized by statute of a somewhat similar character relating to settlements of guardians and curators in the probate court; but, such statute, having been repealed, the proceedings authorized thereby are held to be no longer available for the want of a statute to support them. [Cohen v. Atkins, supra, l. c. 166.] The proceedings followed herein by the court below, of which complaint is made, are expressly authorized by statute as applicable to probate courts and the settlements of administrators and executors therein who have been removed or who have resigned or died. [Revised Statutes 1929, secs. 49-50.] Such statutes authorize such proceedings in the probate court alone and furnish no authority whatever for their exercise by the circuit court in the matter of trustees or trust estates and their settlements.

The proceedings by the circuit court under review herein were un-

authorized and beyond the jurisdiction of the court to entertain; they were *coram non judice;* and the judgment rendered thereon was void.

5. The plaintiff in error E. O. Beal, administrator *cum testamento annexo* of the estate of Charles S. Davis, former trustee, deceased, did not, upon qualifying as such, become the trustee of the trust estate under the will of Albert G. Parker as the successor of the said Davis. [State ex rel. Karrenbrock v. Trust Company, 209 Mo. 472.] Whatever the rule at common law may have been, there is no longer any such succession under our law. [State ex rel. v. Trust Co., supra; Woerner's American Law of Administration (2 Ed.), sec. 350.] He could have become trustee only by appointment from the circuit court. Not having become the successor of the said Davis as trustee by virtue of his appointment and qualification as administrator and not having been appointed such trustee by the circuit court, he could not administer the trust estate as trustee; nor could he, as representative of the estate of the deceased trustee; for the duty to administer the trust estate did not devolve upon the estate of the deceased trustee; and the administrator thereof was without authority to administer said trust in the name of such estate. As representative of the deceased trustee's estate, if any of the trust estate came into his hands, he could only hold and preserve it for delivery to the successor trustee in such trust and as he might be required to do in some appropriate proceeding provided by law. Having no such relation to the trust estate as to administer it and consequently no authority to make settlement as trustee or as representative of the estate of the deceased trustee; there existed, therefore, no power in the circuit court, although having jurisdiction of the trust estate, summarily to cite and require him to make settlement and, upon notice given to the surety upon the deceased trustee's bond of such citation, render judgment against the administrator or the deceased trustee's estate and the surety.

6. Further, the right of trial by jury still exists as it did at common law or by statute at the date of the adoption of the Constitution. No right of trial by jury at that date existed in summary proceedings unless so provided by the statute authorizing such proceedings. At least, the plaintiff in error, National Surety Company, was entitled to a trial by jury to determine its liability as surety upon the bond of the deceased trustee in the absence of a statute authorizing the summary proceedings employed herein by the court below. By the employment of such proceedings without the same being authorized by the statute, the court below denied to said surety its right to trial by jury, which was unauthorized.

7. Again, if the proceedings employed in the court below had been otherwise legal and unobjectionable, yet the court would not have been authorized to make the finding that there was due from Charles A. Davis, as trustee, the sum of $3408.55, for which the surety upon

his bond as such trustee was liable, upon the sole evidence afforded by a receipt executed by Charles S. Davis as trustee to himself as executor of the estate of Albert G. Parker, deceased, found among the vouchers filed by him upon his settlement in the probate court as such executor. There must have been additional evidence that he, in fact, had such funds in hands as executor and transferred them from himself as executor to himself as trustee or that he replaced the same as trustee. He could not discharge himself as executor and relieve his sureties as executor and charge himself as trustee and his sureties as trustee with liability for such funds by a mere book entry or charge or acknowledgment by way of written receipt. A mere naked liability could not be so transferred. He must have had the funds on hands as executor, or he must have replaced them as trustee. Before his surety as trustee could be charged with liability, it must have been shown that he had received such funds as trustee. [State ex rel. Jacobs v. Elliott, 157 Mo. 609; State ex rel. Hospes v. Branch, 151 Mo. 622; State ex rel. Short v. Hardy, 200 Mo. App. 405.]

8. The law affords to the defendant in error James L. Clark, trustee, adequate remedies for the recovery of the trust estate herein through proceedings of established course against the estate of the deceased Charles S. Davis and his sureties, either as executor or trustee, according to the capacity in which he was liable to account for such estate; but the proceedings employed herein are unauthorized and are not available, except as he may be liable to account as executor in the probate court. The judgment of the court rendered thereon, herein, is *coram non judice* and void. It is unnecessary to consider other assignments presented in the brief. For the errors noted, the judgment of the court below must be reversed and for naught held. It is accordingly so ordered. *Campbell, C.,* not sitting.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The judgment is reversed. All concur.