MARTIN KEARY, Appellant, *v.* PHILIP BAKER *et al.*, Respondents.

*Forcible Entry and Detainer—Judgment.*—Upon an appeal from a justice of the peace in an action of forcible entry and detainer, the appellate court, upon dismissing the appeal, has no jurisdiction to enter judgment for costs against the security in the appeal bond. Such a judgment would be void, and an execution and sale of lands under it would confer no title upon the purchaser.

*Appeal from St. Louis Land Court.*

This was an action of ejectment brought by the appellant against Baker and others, tenants of Aloys Soderer, (who on motion was made co-defendant,) for a lot of ground on Franklin avenue, in the city of St. Louis.

The plaintiff offered in evidence the record of the proceedings and judgment both of the Land Court and the justice of the peace, in a certain action of unlawful detainer instituted by one William Fulton against Jacob Halter, wherein Fulton, on the 21st day of August, 1856, obtained judgment. The defendant Halter duly and regularly appealed to the October term, 1856, of said Land Court, the said Soderer becoming his security in the recognizance for the appeal.

At the October term, 1856, of the Land Court the case was continued, no counsel appearing. At the succeeding March term, 1857, it was again continued, but for what reason is not stated. At the October term, 1857, when it was regularly reached and called for trial, the said court rendered the following judgment:

"Now at this day, this cause coming on to be heard, it is ordered and adjudged by the court that the appeal be dismissed, and that the said William Fulton recover of the said Jacob Halter, and of Aloys Soderer, his security in the appeal bond, his costs and charges herein in this behalf expended; and that he have execution thereof."

In addition to the above the plaintiff also offered in evidence the sheriff's deed to him for the premises in controversy, the same having been levied upon and sold by the

sheriff as belonging to the said Soderer, the security, under execution issued out of the clerk's office of the said Land Court against both principal and security; to the giving of which record and deed in evidence the defendants objected, for the reason that the said judgment and execution were void, and the said deed therefore passed no title to the plaintiff.

The court sustained the objection; and, excluding the evidence, gave judgment for the defendants.

The specific objections to the plaintiff's title were that the said judgment and execution were void for the following reasons:

1. That the said executian was not in conformity with nor warranted by the judgment of the Land Court.

2. That the judgment itself being neither one of affirmance nor the result of a trial anew in the Land Court, but a mere dismissal of the appeal, there was no authority in the court to award judgment and execution against the security.

It is agreed that these are the sole questions to be submitted to this court for its adjudication.

*A. Hamilton* and *C. D. Colman,* for appellant.

I. As to the second objection, this assumes that the jurisdiction of the Land Court did not attach as to the security, there being a mere dismissal of the appeal; whereas the statute (§ 23, art. 9, of the Justices' Act,) limits the power to render a summary judgment against the security to the contingency of either an affirmance or a judgment against the appellant on a trial *de novo* in the upper court.

1. The regularity of the appeal and the consequent cognizance of the court over the subject matter are not questioned. Was there jurisdiction as to the security? Where a court is invested with authority to be exercised in a certain contingency, its decision that the contingency exists is *res adjudicata,* and cannot be questioned. (15 Ia. 420, 421, and cases cited.)

But consent and waiver define the attitude of the security

and make him a party; we do not say a co-ordinate party with the principal, entitled to participate in the management of the case, but a party to the record, as much so as if the Legislature had in express terms declared him to be such. The obligation is in form and effect, as well as in name, a recognizance. As such it is returned to and becomes a record of the court and an incident of the case. The remedy by statute is but a summary mode of enforcing it according to its effect. (10 Mo. 289.) Like the security in the admiralty recognizance or stipulation, or the security for costs of suit, by executing the instrument the security acknowledges himself in court so far at least as may become necessary for the ultimate enforcement. of the obligation, and is presumed to be cognizant of all proceedings in the case against himself. For the purposes of judgment, then, the security is in a legal and available sense before the court, the judgment is had in his constructive presence, as much so as if rendered on default in a proceeding requiring notice. As a party to the record he must take notice of the proceedings against himself, and is as effectually bound by the judgment as if he were a party to the suit. (1 S. & M. 389; 21 Mo. 81; 5 How. Miss. 456; 3 Ired. 91; 6 Humph. 91–92; 1 Hill, S. C. 42; 13 Pick'g, 53; 12 Rich. L. 277; 2 Brown's Civil & Ad. Law, 409; 2 Conk. Ad. Pr. 102, 114, 115; 4 Wheat. 243; 30 Ala. 237.)

If in the exercise of the jurisdiction acquired by the appeal error intervened to the prejudice of the security, his only remedy consisted in some direct proceeding. He cannot be allowed to assume the position of a stranger to the record, or be heard to say to the purchaser, "I was a party to the record, but not for such a judgment as that rendered," or "the court misjudged as to the contingency upon which the right to enter judgment against me depended." As was said by this court in Werthimer v. Boonville, (29 Mo. 258,) "the question of jurisdiction cannot be made to depend upon the fact whether the judgment is right or wrong." By entering into the obligation, the security took the chances of an erro-

39—VOL. XXXIII.

neous application of the law for its enforcement, and, especially where the rights of a purchaser under the judgment are concerned, must stand the hazard of the die. The distinction is between mere details or even actual error and fundamental defects—a lack of jurisdiction or power in the court and a wrongful or irregular execution of it—a direct and a collateral revision. No principle of law is better settled, and none has been more explicitly and repeatedly asserted by this court, than that where the subject matter and party are within the legal cognizance of the court, its judgment is never void and cannot be questioned collaterally. That the plaintiff was a purchaser under a judgment for costs only, will not deprive him of the protection of the rule. (20 Mo. 445; 16 Mo. 336; 12 Mo. 611; 26 Mo. 289; 29 Mo. 151; and see 12 Ohio, 273; 15 Ohio, 435; 3 Ohio, 306; 6 Ohio, N. S. 303; 16 Ohio, 271; 9 Grat. 326–7; 3 Ired. 91; 2 Zabr. 565; 4 Dana, 429; 31 Miss. 592; 9 Pet. 329.) Nor will he be affected by an erroneous award of execution. (12 Mo. 260.)

2. But supposing the security entitled to impeach the validity of the judgment, the objection taken cannot prevail; there is nothing of which he could complain. The case was not within sections 30 and 31 of article 1 of the statute of forcible entry and detainer. The dismissal of the defendant's appeal, as contemplated by those sections, is the same as in other appeals, and is attended with the like consequences. It is founded upon essential defects in the appeal which go to the jurisdiction of the appellate court, and results in the remanding of the case to the justice for execution. In every other instance, that is to say, wherever the jurisdiction has so far attached as to sustain the appeal, the case is retained in the upper court for final determination and execution there. (8 Mo. 500.) Every reasonable presumption will be indulged in favor of the regularity of the proceedings. Where the record is silent as to the ground upon which the action of the court is based, it will be presumed to be correct, if justifiable under any possible state of facts. (31 Miss. 705.)

Certain points, then, are clear: 1. That the failure to pros-

ecute was a breach of the recognizance. 2. That this enti-
tled the appellee to at least the costs of the appeal. 3. That
these could not have been collected by any process issued by
the justice of the peace. 4. That, in addition to these costs,
the appellee was entitled to a judgment against both principal
and security either of affirmance, in express terms, embracing
the damages and costs below, (11 Mo. 215,) or for the inter-
vening damages also, (22 Mo. 494.) 5. And that in any di-
rect proceedings for the reversal of the judgment, its limited
character arising from the omission of the damages would
be considered as beneficial to the security. As was said by
Judge McGirk, (4 Mo. 563,) "the security was liable for
the costs at all events."

The assessment of damages generally could have taken
place at any time during the term; and the omission to make
the costs and damages recovered before the justice a part of
the judgment of the Land Court might have been supplied
by an amendment without producing any change in the form
of the entry, except as to the amount for which execution
should issue. Notwithstanding the terms employed, the pro-
ceeding would be equivalent to and support the averment of
an affirmance. Even a reversal and a new judgment differ-
ing essentially from that rendered in the lower court has been
held to be an affirmance, and to authorize a summary judg-
ment against the security where the statute confined the
remedy to the single case of an affirmance. (22 Ill. 91; 2
Scam. 571; 5 La. An. 523.) And a verdict and judgment
had on a trial *de novo* are in legal effect an affirmance. (1
S. & M. 390.)

In the case cited from 2 Scammon, 571, where the appeal
was dismissed and the condition of the appeal bond was " to
pay the debt and costs in case the judgment shall be affirmed
on the trial of the appeal, the court say, " What is the object
of this requirement, and what its meaning and intention ?
Manifestly to secure the opposite party in his debt and costs,
in case the judgment shall not be reversed; in case he shall
be in the Circuit Court the successful party. By a dismissal

of the appeal either by the court or by the act of the appellant himself, the appellee is the successful party. We see no propriety in attributing to such a judgment of dismissal less efficacy than to a more formal and technical one of affirmance."

And in the case cited from 5 Louisiana Annual, 523, in which the judgment was reversed, and one differing substantially was given in the appellate court, the statute as already stated confining the summary judgment against the security in the appeal bond to an affirmance only, it is said: "the object of the statute being to expedite the remedy against securities, it would be unreasonable to infer that there was an intention to discriminate between the case of an affirmance of the judgment of the lower court and a new judgment by the appellate court, the security being liable in both cases. This would be adhering to the mere letter of the law without regarding the substance. The fair meaning of the law-giver is to quicken the appellant's relief against the security."

The practice suggested is analogous to that which obtains in replevin, where, though the plaintiff discontinue, the cause is considered as remaining in court for the assessment of damages, as a necessary incident. (26 Mo. 514, 515; 26 Mo. 153.) To no class of cases is the statute more appropriately applicable than to those in which (after years, it may be, of vexatious delay) the appellant at the last moment retires from the litigation. Why should his default be allowed to deprive the appellee of his only remedy by statute?

II. We have been induced by the statement of the case to take it for granted, thus far, that it was not designed by the respondents to question the applicability of section 23 of article 9 of the law respecting justices' courts to apppeals in forcible entry and detainer cases.

That section is as follows: "In all cases of appeal from a justice's court, if the judgment be affirmed, or if on a trial anew in the appellate court the judgment be against the appellant, such judgment shall be rendered against him and his security in the recognizance for the appeal." These terms do

not confine the provisions to such cases as are enumerated in that act, but are sufficiently broad and comprehensive to .embrace, in addition thereto, all civil cases within the jurisdiction of the justice. An appeal in a forcible entry and detainer case being thus within the letter, what is there to take it out of the spirit of the statute?

Not only is there no incongruity between the general law and the statute of forcible entry and detainer, but it is apparent that all the details of that statute relating as well to the dismissal as to the perfecting and prosecuting of the appeal and the affirmance of the judgment of the justice, are taken from the general law, as construed by this court. (11 Mo. 215; 15 Mo. 249; 13 Mo. 226.) The general practice governing appeals from justices must still furnish the course of proceeding in several particulars not supplied by the statute of forcible entry and detainer. Amongst other instances, see R. C. vol. 2, p. 947; § 8, p. 948; § 12, p. 956; § 34, p. 947; § 11. And the proceedings before the justice in forcible entry and detainer are to some extent controlled by the practice prescribed for other cases, as in motions to set aside nonsuits and defaults, and for the revival of suits, &c. (18 Mo. 169.) These statutes, then, must be taken together as constituting a general system.

*Krum & Decker* and *A. M. & S. H. Gardner,* for respondents.

I. A statute in derogation of the common law must be strictly construed.

At common law there is no authority to render any judgment against a party unless such party has a day in court. If such a right exists in this State it can only be by plain, positive statutory provision. And the statute must expressly give such authority before it can be exercised; nothing will be left to inference or inuendo. A judgment was rendered against respondent without notice; an execution issued against him without notice; a sale of his property without notice; he had no day in court; no knowledge that he was

indebted to anybody; and he now finds his valuable estate sold for a paltry judgment of thirteen dollars costs, and he is to be turned out of his inheritance, valued at a monthly rent of one hundred dollars by plaintiff in his petition.

A statute must be strictly complied with, and it will receive a careful examination before this court will authorize such a proceeding.

II. The judgment against the surety, Soderer, was void absolutely and did not warrant an execution against him.

The only statute provisions bearing on this question are contained in section 30 of unlawful detainer act. (R. C. 1855, p. 800.) Section 29 provides only for cases where plaintiff is appellant. Section 30 provides where defendant is appellant and in default:

*a.* On *certiorari* (i. e. where there has been no trial before) a default shall be entered and damages assessed under section 32.

*b.* On appeal (as in this case) judgment of the justice may be affirmed or the appeal dismissed.

III. The appellants then seek shelter under the justice act, section 23, p. 976, R. C. 1855; but a careful reading of it will show:

1. That this section applies only to cases which arise on appeal on that act, and has no necessary application to the wholly distinct proceedings under the unlawful detainer act.

The recognizance under this act is different; the proceedings necessary to an appeal are different, and to the appeals taken under that act the above section should be confined.

Appeals under the "landlord and tenant act" have been held to be governed by general justice act, because section 41 (p. 10, 18) expressly provides that appeals under that act should be governed "in the manner provided by law for appeals in other civil cases."

2. Admitting that the section is applicable to appeals under the "unlawful detainer act," yet there is no authority for a judgment against a surety where the appeal is dismissed.

That section is no authority to render a judgment against

a security, except (*a*) where the judgment of the justice is affirmed, not dismissed (*b*) where there is a trial *de novo* and a judgment against the appellant on such trial.

And even in these cases the execution is a special one, and the officer must first use diligence to make the judgment of the principal, and must specify in his return by whom the money was paid, &c. (Sec. 24.)

But no authority can be found in the statute for a judgment against a surety when the appellee dismisses his appeal as he did in this case.

This court has decided that after dismissing an appeal from the justice the appellate court cannot render judgment for the debt or costs against the appellant. (Thompson v. Curtis, 2 Mo. 209.) Nor can the court dismiss the appeal and reverse the judgment of the justice. (Barnes v. Holland, 3 Mo. 47.) Nor can the court dismiss the appeal and give judgment for the costs accrued before the justice. (Runkle v. Hagan, 3 Mo. 234.) And that by dismissal of the case the court loses cognizance of the whole subject. (Marrion v. State, 11 Mo. 578.)

The rules relative to the collateral impeachment of judgments have been well stated, thus:

*a.* Where the judicial tribunal has general jurisdiction of the subject matter of the controversy or investigation, and the special facts which give it the right to act in a particular case are averred and not controverted upon notice to all proper parties, jurisdiction is acquired and cannot be assailed in any collateral proceeding.

*b.* Where the judicial tribunal has not general jurisdiction of the subject matter under any circumstances, no averment can supply the defect; no amount of proof can alter the case; no consent can confer jurisdiction. (Bordin v. Fitch, 15 John. 141; Dudley v. Mayhue, 3 Comst. 9; Davis v. Packard, 7 Pet. 276.)

*c.* Where the judicial tribunal has not general jurisdiction of the subject matter, but may exercise it under a particular state of facts, those facts must appear affirmatively; when

established on a hearing of all proper parties cannot be impeached collaterally ; but if they do not appear affirmatively the proceeding is *coram non judice* and void. (Staples v. Fairchild, 3 N. Y. Comst. 41.)

BATES, Judge, delivered the opinion of the court.

The judgment rendered against Soderer, the security of Halter in his appeal, is void, because the court had not jurisdiction of him to render judgment against him upon a dismissal of the appeal.

He was liable for the costs, but not liable to have judgment for the costs rendered against him summarily upon the dismissal of the appeal.

The statute regulating actions of forcible entry and detainer, and unlawful detainer, prescribes what shall be the bond of recognizance given by an appellant, but does not give the court any authority to enter judgment against the security for costs upon a dismissal of the appeal, nor does the bond or recogizance itself express or imply a consent to such judgment. Without such consent or direction of the statute such judgment was unauthorized. The law may be different in respect to appeals from justices in other kinds of cases.

Judgment affirmed.