SAMUEL W. HARRINGTON, Plaintiff in Error, v. JOSEPH B. EVANS, Administrator, Defendant in Error.

Kansas City Court of Appeals, April 25, 1892.

**Administration:** APPEAL BY HEIRS: JUDGMENT FOR COSTS: WRIT OF ERROR. Where heirs appeal from allowance against the estate in the probate court, if on a trial anew in the circuit court judgment is rendered against the estate, there can be no more adjudgment against the appellants for costs than there could be for the debt or damages mentioned in the appeal bond. The statute providing for such is complete in itself, and is not analogous to the statute allowing appeals from the justices' courts; but, like the statute permitting appeals in forcible entry and detainer, no judgment can be rendered against the appellants therein in a summary manner; and such judgment may be reached by writ of error.

*Error to the Platte Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

REVERSED.

*Cook & Gossett,* for plaintiff in error.

(1)  The appeal from the probate court was from a judgment against the administrator, and, although not taken by him, it was necessarily taken for him, and he was in court on the appeal.  Who could the judgment for the claim be rendered against but him?  And how could judgment be rendered against him if the appeal by the other parties interested did not bring him into court?  Being in court, and the judgment being rendered against him for the claim, judgment necessarily followed against him for the costs.  There is nothing on the face of the record to show that this judgment, rendered at the April term, 1890, was erroneous, and it was not erroneous in such respect

that it could be set aside, under the statute, at a subsequent term.  G. S., sec. 2920.  (2)  If the motion of the administrator, upon which the judgment against plaintiffs in error was rendered, should be held not a part of the record proper to be considered in these proceedings, yet the error appears in the judgment itself, it is a void judgment, for the court had no authority to render it.  No presumption in favor of the court's action or proceedings in this cause can help this judgment.  The appellate court will review the record proper, although no motion for new trial or in arrest was filed.  *Bagby v. Emerson,* 79 Mo. 139; *McIntire v. McIntire,* 80 Mo. 470; *O'Connor v. Koch,* 56 Mo. 253; *Finkbeyer v. Mallen,* 62 Mo. 555.

*Jas. W. Coburn,* for defendant in error.

(1)  The motion to relieve the administrator of the costs of the appeal in the circuit court, and the action of the court thereon, do not constitute a part of the record, and will not be considered by this court. (2)  There was no motion for a new trial, and the attention of the trial court was in no way called to the alleged error.  In such cases the appellate court will only correct errors materially affecting the merits of the case.  *Gobin v. Hudgens,* 15 Mo. 400; Whittlesey's Missouri Practice, sec. 408, p. 517, and cases cited. (3)  A writ of error will not lie from a judgment for costs.  *Love v. Newton,* 26 Mo. App. 11, and cases cited; *Boggess v. Cox,* 48 Mo. 278; *Crockett v. Lewis,* 66 Mo. 671.  (4)  As the administrator did not appeal from the probate court, he was not liable for the costs of that appeal, and the judgment against him for the costs of that appeal was irregular and erroneous on the face of the papers, which show that he did not appeal, but that the plaintiffs in error did appeal.  The court

can at any term correct such errors patent on the face of the papers. *Rankin v. Lawton*, 17 Mo. App. 574; *Phillips v. Evans*, 64 Mo. 17; *Sheely v. Verkamp*, 30 Mo. App. 53, and cases cited; *Burgess v. Hitt*, 21 Mo. App. 315. (5) The party prevailing shall recover his costs, except where a different provision is made by law. R. S. 1889, sec. 2920; *Belkin v. Rhodes*, 76 Mo. 643, and cases cited on page 652. (6) The bond required in section 288, Revised Statutes, 1889, was not intended to be given by an administrator in cases like the present one. While the appellants, the heirs of Luhetta Harrington, were required to give bond, it was never intended that they should give bond for and pay the judgment rendered in the case for the debt, but merely for the costs of the appeal. The court will look upon the bond merely as a security for costs. Courts can always include the security for costs in the judgment for costs. R. S. 1889, sec. 2935; *McCartney's Adm'r v. Anderson*, 49 Mo. 456; *Davis v. Farmer*, 28 Mo. 54; *Hamilton v. Moody*, 21 Mo. 79.

SMITH, P. J.—A demand was allowed by the probate court of Platte county in favor of LaFayette Harrington against Joseph B. Evans, administrator of the estate of Luhetta Harrington, deceased, for the sum of $1,455.57. Afterwards, Samuel W. Harrington and other heirs of the deceased filed an affidavit and bond with themselves as principals and Gossert as security for an appeal to the circuit court, which was granted. On a trial *de novo* in the circuit court, judgment was rendered against said estate for $425 and costs. At a subsequent term of the court, on the motion of the administrator, the said judgment as to the costs of appeal was set aside, and the same were taxed and adjudged against the heirs, who had appealed, and Gossert, their security on their appeal bond.

These facts sufficiently appear upon the face of the record proper. The said heirs and their said surety have sued out their writ of error, and have brought up for our review the record proper in the case.

I. The plaintiffs in error contend that the judgment rendered by the circuit court in the first instance in favor of LaFayette Harrington against the estate of the deceased for $425 and costs was proper, and that, therefore, the court erred in subsequently setting aside said judgment as to the costs of the appeal and adjudging the same against them. The question thus presented must be decided in the light of the statute. Section 285 provides that an heir, devisee, legatee, creditor, or other person having an interest in an estate under administration, may appeal from the decision of a probate court to the circuit court. It is further provided by section 288 that every such appellant shall file in the court the bond of himself in a sum, and with security approved by the court, "conditioned that he will prosecute the appeal and pay all debts, damages and costs that may be adjudged against him." It would seem that where the administrator for any cause does not prosecute an appeal from the decision of the probate court, then any one of the persons designated by the statute may do so for him and in his name. But it is to be observed that the statute nowhere contains any provision authorizing or requiring the party so appealing to be made a party. While the appeal is taken for the estate, there is no change in the name or style of the parties to the action. The appellants *pro hac vice* represent the administrator and the estate. Their relation to the case is similar to that of the landlord where the tenant has been sued for possession. He cannot become a party to the action, and yet he can defend the suit in the name of the tenant. *Walser v. Graham,* 45 Mo. App. 629. The bond of the party

thus intrusted by the statute with the right to represent the estate in the appellate court is intended as an indemnity to the estate against any injurious consequences resulting to it from the appeal. If, on a trial anew in the circuit court, judgment is rendered against the estate, there can be no more adjudgment against the appellants for costs than there could be for the debt or damages mentioned in the appeal bond.

The statute providing for appeals from the probate to the circuit court is complete in itself. No provisions there to be found authorizing judgment to be rendered in the circuit court against the appellants and their sureties on the appeal bond as in the statute—section 6349, Revised Statutes—in relation to appeals from justices of the peace. The bond required by statute to remove by *certiorari* or appeal an action of forcible entry and detainer into the circuit court is conditioned that the defendant "will pay all rents and profits, damages and costs that may be adjudged against him," and which is quite similar to that in cases like the present. R. S., secs. 5129, 5131, 5141. The statute in relation to forcible entry and detainer makes no provision for rendering judgment against the sureties on the bond as in cases under the practice act before justices of the peace. It has been several times decided that it does not authorize a judgment on the appeal bond against the principal and sureties in a summary manner as in ordinary appeals from justices. *Keary v. Baker,* 33 Mo. 603; *Gunn v. Sinclair,* 52 Mo. 327; *Powell v. Camp,* 60 Mo. 569. In the last-cited case the judgment which had been rendered in the circuit court against the principal and sureties on the bond was reversed, and judgment rendered against defendant alone without reference to the bond.

We do not think that a judgment could be rendered on the bond against the appellants and their sureties in

a summary manner, for the reason that the rendition of like judgments is forbidden, as we have seen, on bonds authorized by similar statutes. There being no statute authorizing a judgment on the appeal bond, *in this case* it follows that the judgment as originally entered was proper. No other judgment could have been rendered.

It is not disputed that this is so, except as to costs. The statute provides that, in all civil actions or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases where a different provision is made by law. R. S., sec. 2920. In this case the appellee having prevailed in the circuit court he was entitled to recover his costs against the estate, as there was no provision of law otherwise providing for the payment of same.

This is not a suit "*commenced* in the name of one person to the use of another," so that the costs cannot be adjudged as provided in section 2935, Revised Statutes. There is nothing taking the case out of the ordinary statutory rule as to the payment of costs.

The error complained of is not only apparent of record, but it is a material one which discloses a judgment in favor of a party not entitled to it upon record. The court had no jurisdiction to render a judgment in favor of the defendant, the administrator, against the heirs and their surety on their official bond. This error is palpable, and may be corrected on writ of error. *McIntyre v. McIntyre*, 80 Mo. 470; *Miller v. Davis*, 50. Mo. 572; *Pendergast v. Hodge*, 21 Mo. App. 138.

It follows that the judgment of the circuit court will be reversed, and the original judgment is hereby reinstated. *Burgess v. Hitt*, 21 Mo. App. 313.

All concur.