CROW et al., Respondents, v. WILLIAMS et al.,
Appellants.

### St. Louis Court of Appeals, February 16, 1904.

1. **FORCIBLE ENTRY AND DETAINER: Damages on Appeal Bond.** In an action for forcible entry and detainer, on appeal in the circuit court, it is error to include, with a judgment of restitution, a summary judgment for damages against the principal and sureties on the appeal bond.

2. **JUDGMENT: Not an Entirety: Reversing as to Some of the Parties.** A judgment is not such an entirety as to prohibit correction by reversal as to one or more of the parties, where the substantial rights of the other parties as to whom it is affirmed, will not be impaired thereby.

Appeal from Newton Circuit Court.—*Hon. H. C. Pepper*, Judge.

AFFIRMED.

*E. B. Chestnut* for appellant.

(1)  It stands uncontradicted that Williams leased to Hyatt and Brown on the twenty-seventh day of January, the land in controversy, and that Hyatt and Brown entered into the exclusive possession thereof on the twenty-eighth of January. This suit was commenced on the twenty-first day of February, 1903. The judgment against Williams must be reversed. Orrick v. Public Schools, 32 Mo. 315. (2) The plaintiffs can not maintain this suit against Williams for the reason

that they (plaintiffs) were at no time in the exclusive possession of the premises. See reservation in clause 5 of lease. Nelson v. Nelson, 30 Mo. App. 184. (3) And again plaintiffs can not maintain this action against Williams for the further reason that clause 6 of the lease, expressly authorizes Williams to re-enter upon and hold the demised premises without notice or due process of law. Krevet v. Meyer, supra; Garvey v. Gunther, 51 Mo. App. 545; Fisher v. During, 53 Mo. App. 553; Chynowitch v. Mining Co., 74 Mo. 174. (4) This judgment must be reversed in its entirety because it is against the securities as well as the principals on the appeal bond. Hulett v. Nugent, 71 Mo. 134.

*W. Jones* for respondent.

REYBURN, J.—This, an action of forcible entry and detainer, was begun February, 1903, before a justice of the peace in Newton county, and from jury trial and judgment in favor of complainants, defendants appealed to the circuit court, where, upon trial anew, a jury returned a verdict of guilty against all the defendants with damages assessed at $90; the complaint appears to have been devoid of claim for any rents or profits. After unsuccessful motions for new trial and in arrest, defendants have appealed to this court.

The realty, possession of which is at stake, comprised twenty acres in the mineral region of which defendant Williams was and is the owner, and the contest is between complainants, who assert rights as his lessees under a lease from him of date August 27, 1900, for term expiring October 6, 1909, according to lessees for royalty named, the privilege of mining in and upon the realty in good faith, with right to erect necessary buildings and machinery for purposes of mining, crushing and dressing ores, but reserving to lessor all uses of the ground not inconsistent with proper mining. This instrument further provided that a failure to comply with

its requirements in good faith should determine and end the term, and lessor might declare an ouster and re-enter without notice or legal process. Brown and Hyatt, codefendants of Williams, likewise claim as tenants of the latter; but as to the particulars of the agreement between them, the record is silent. Complainant Crow, on behalf of his colessee and himself entered into possession of the land and proceeded to prospect and mine for lead and zinc until a period, the exact date of which is in issue, but until or shortly preceding the alleged forcible entry January 29, 1903. Inferentially it was disclosed that a forfeiture had been sought to be declared by the lessor, but the steps taken toward enforcing the right of re-entry reserved in the lease are not exhibited. The issue, toward which the bulk of the testimony of the numerous witnesses was addressed, was whether complainant Crow by continuous mining operations on the land remained in its possession at the date assigned, or had abandoned its possession under the lease. The jury were abundantly instructed by a series of instructions, five asked by complainants and a like number at instance of defendants being given, and four asked by defendants refused, inclusive of an imperative instruction presented both at termination of plaintiff's case in chief and of all the testimony. The instructions, other than demurrers to the evidence, were predicated in part upon the theory that the lessor Williams had reserved rights as to the surface of the land under the indenture of lease; but the evidence disclosed that his codefendants were in possession engaged in mining upon the property, and no exercise of the rights excepted from the lease is established; the remaining instruction declined required the jury to find that complainants, while in actual, open and exclusive possession were dispossessed and ousted, which would have been erroneous, especially under the purpose and language of the lease.

The judgment rendered is assailed as embracing,

additional to decree of restitution of the lands, described in the complaint, a general judgment for the amount of damages assessed by the jury, doubled and made a general judgment as well as against all the defendants and also their two sureties on the appeal bond filed in perfecting appeal to the circuit court. In the absence of statutory authority a summary judgment against sureties as well as principals on the appeal bond in an action of this character can not be maintained. Hadley v. Bernero, 97 Mo. App. 314; Hulett v. Nugent, 71 Mo. 131; Keary v. Baker, 33 Mo. 603. Nor is there any evidence warranting a judgment against Williams, the owner and lessor of all parties; the record is barren of any evidence tending to connect him with the acts of his codefendants, either in dispossession of complainants or in usurping possession, and the judgment was also erroneous as to him. Orrick v. Public School, 32 Mo. 315. The rule of law that a judgment in an action at law was an entirety and that if it was vacated as to one must be annulled as to all the parties defendant against whom it was rendered, was adopted by numerous of the early decisions of the Supreme Court. This rule, however, has been relaxed and from the later decisions may be deduced the present doctrine that a judgment is not now regarded as such an entirety as to prohibit amendment or correction by reversal as to one or more of the parties, where the substantial rights of the other parties thereto will not be thereby impaired. Neenam v. City of St. Joseph, 126 Mo. 89; Hadley v. Bernero, 97 Mo. App. 314; Patterson v. Yancey, 97 Mo. App. 681; Christopher, etc., Co., v. Kelly, 91 Mo. App. 93.

The judgment herein is therefore affirmed as to defendants Marion F. Brown and E. R. Hyatt and reversed as to defendant L. F. Williams and the sureties P. L. Schwartz and L. H. Ornduff. *Bland, P. J.,* and *Goode, J.,* concur.