LETTIE B. McILVAIN, Plaintiff-Respondent, v. ANTONE KAVORINOS, BESSIE KAVORINOS, JAMES KAVORINOS, DEAN KAVORINOS, doing business as RINOR'S CAFE, Defendants, JAMES KAVORINOS, Appellant, No. 41775—236 S. W. (2d) 322.

Court en Banc, February 12, 1951.

*Marion D. Waltner* and *Clarence C. Chilcott* for appellants.

*C. W. Prince* and *Landry Harwood* for respondent; *Meredith & Harwood* of counsel.

[323] DALTON, J.—Action in unlawful detainer to recover possession of and damages for the detention of premises described as 3924 Main Street, Kansas City, Kaw Township, Jackson County, Missouri. The complaint was filed November 3, 1945, before a Justice of the

Peace of Kaw Township, Jackson County, Missouri. Plaintiff alleged that, although she did on the 14th day of September, 1945, demand in writing the possession of said premises, the defendants refused and neglected to quit the possession thereof and wrongfully held and detained possession to plaintiff's damage. Damages for unlawful detention were asked from November 1, 1945, but the rental value of the premises was not stated. Defendants appeared, answered and denied each and every allegation of the complaint. Judgment was for plaintiff and defendants appealed.

The cause was re-tried to the court in the circuit court of Jackson County and the court found the issues for plaintiff. Defendants appealed to the Kansas City Court of Appeals, where the cause was reversed and remanded on the ground (1) that there was no evidence of any character that the property involved was located in Kaw Township and within the jurisdiction of the Justice of the Peace before whom the action was instituted; and (2) that there was no evidence whatever as to what constituted a rent month, or that the notice was served not less than one month before the next rent day. A further contention by defendants with reference to the sufficiency of a written notice, which plaintiff's evidence showed was served on defendants on September 13, 1945, was overruled on the ground that "the notice given was sufficient to inform defendants of the owner's purpose and intention to terminate the tenancy." McIlvain v. Kavorinos (Mo. App.), 202 S. W. 2d 103, 106.

On remand, the cause was tried to a jury in the circuit court of Jackson County and a verdict returned for plaintiff. Defendants again appealed to the Kansas City Court of Appeals where an opinion was written affirming the judgment, McIlvain v. Kavorinos (Mo. App.), 212 S. W. 2d 85, but the cause was then transferred to this court, where the judgment was ordered reversed and the cause was remanded for a new trial on the ground that the verdict returned by the jury was insufficient to support the judgment as entered. McIlvain v. Kavorinos, 358 Mo. 1153, 219 S. W. 2d 349.

On remand, the cause was again tried to the court in the circuit court of Jackson county and, on August 16, 1949, the court [324] found the issues for "plaintiff and against defendant," "that the complainant (sic) has unlawfully detained the premises  *  *  * from November 1, 1945, to this day" and fixed the average monthly rental value of the premises at $125 per month. Judgment was entered for plaintiff for restitution of the described premises and for $11,000 damages, being double the rental value of the premises as found by the court from November 1, 1945 to July 1, 1949. Defendant James Kavorinos, the only defendant against whom the cause was last tried, has appealed.

On this appeal it is contended that the court erred in entering judgment for plaintiff because the evidence was insufficient to support

the court's finding and the judgment entered thereon; that again there was no evidence showing the premises involved were situated in Kaw Township, Jackson County, Missouri; that the jurisdiction of the Justice of the Peace was not established and the court did not so find; that there was no evidence of unlawful detainer ''as the tenancy of appellant had never been lawfully terminated''; and that there was no showing as to when defendant surrendered possession of the premises, or as to when the tenancy was terminated, if at all. In view of the controversy concerning the inferences to be drawn from plaintiff's evidence, a stipulation and counsel's statements, we will review these matters in some detail so that their indefiniteness and uncertainties will be apparent.

Plaintiff's evidence, as shown by the agreed transcript filed on this appeal, tended to show that in 1941 plaintiff's real estate agent, Harry J. Dwyer, rented this property at 3924 Main street to defendant James Kavorinos on a month to month basis for $50 per month, with rent due the first of each month; that the monthly rental was subsequently increased to $60, $65 and then to $85 per month; that defendants remained in possession, paid the rent and didn't owe any rent in the fall of 1945, but that there was a general increase in all rentals in the district after November 1, 1945. Prior to November 1, 1945, one Stevenson had made an offer to rent the described property with other property and a lease was offered on October 29, 1946. Plaintiff wanted to change tenants but was unable to get possession. At that time she took over from the agent Dwyer the management of the property and the collection of rentals. From November 1945 to the date of the trial the agent Dwyer didn't collect any rents from this property, but he had quit looking after the property in 1946. Defendant remained in possession of the premises ''until he (defendant) turned over possession.'' Plaintiff (Mrs. Lettie B. McIlvain) did not testify.

On July 12, 1948, the plaintiff sold the premises at 3924 Main Street, Kansas City, Missouri to Edward Lattner and wife (Lattner's testimony). As a part of the consideration for the payment by Lattner of the purchase price of the property, plaintiff had obligated herself in writing to continue to prosecute the unlawful detainer action against defendant to a final judgment for rent and possession and to account to Lattner for all rents collected for the period from the delivery of the deed to the date possession was delivered. Defendant was in possession of the premises when plaintiff sold to Lattner. On June 15, 1949, Lattner leased the premises to John J. Collins, for a five year term subject to defendant's rights and possession, and, on July 1, 1949, said Collins began the payment of rent to Lattner on the leased premises. Collins was in possession at the time of the trial on July 21, 1949. Lattner had received no rents ''for the last year,'' but he had assigned any such rents from July, 1948 to July, 1949 to

754

Collins. There was evidence that, although the premises were rented to defendant at $85 per month, the reasonable rental value in November, 1945 was $125 per month and Collins was now paying rent at $200 per month.

During the trial the parties stipulated that "Mr. Lattner's testimony that Mr. Kavorinos is no longer in possession is true and Mr. Kavorinos will so testify when he testifies that he is no longer in possession but he has relinquished possession to Mr. John J. Collins."

[325] Counsel for plaintiff thereupon made a statement to the court as follows: "That will dispense of the proof of the notice in the proceedings had in the unlawful detainer case as to establishing McIlvain's possession, right of possession as against evidence. Of course it involved possession by Kavorinos. If we don't have to prove by this witness notice we will shorten the record. With that understanding the judgment will include the right of possession depending upon the right to the rents as against Kavorinos." Counsel for defendant made no reply. After the close of all the evidence, but before the cause was taken under advisement, counsel for plaintiff stated: "So there won't be any misunderstanding we have not proved in view of Judge Waltner's statement that Kavorinos has moved out, we have not proved the right of possession against Kavorinos but I said at the beginning we want on the record the plaintiff is entitled to possession of 3924 as against Kavorinos."

Defendant offered no evidence, but when the court found the issues for plaintiff, the defendant moved to set aside the judgment and enter judgment for defendant. Defendant also moved for a new trial and for judgment. All motions were overruled.

On January 8, 1951, after the cause reached this court on appeal, the death of plaintiff-respondent was suggested and not denied, death had occurred on September 2, 1950. The First National Bank of Kansas City, Missouri, and Arthur Mag, the duly appointed, qualified and acting executors and trustees under the last will and testament of Lettie B. McIlvain, deceased, have moved to be substituted as parties respondent. Appellant has filed his objection on the ground that Secs. 2863 and 2864 R. S. 1939 (Secs. 534.260 and 534.270 R. S. 1949) authorize no such substitution. Appellant's theory is that petitioners cannot maintain the unlawful detainer action; that tenancy was not terminated in plaintiff's lifetime; and that the real estate in question has now been sold to others, as herein stated. However, the parties seeking to be substituted have shown to the court that plaintiff-respondent died testate and, after certain personal bequests, her will provided: "All of the rest, residue and remainder of my property, whether real, personal or mixed, of whatever it may consist and wherever it may be situated, including any of the foregoing bequests which fail to take effect and including any property over which I may at the time of my death have only a power of ap-

pointment, I devise and bequeath in trust to Arthur Mag, of Kansas City, Missouri, and The First National Bank of Kansas City, Kansas City, Missouri, and to their successor and successors in trust, for the uses and purposes hereinafter stated.'' On the record presented it appears that appellant has surrendered possession of the premises in question to a tenant of the grantee of the deceased; that appellant was out of possession prior to the last trial of the cause; and that all property rights in the $11,000 judgment appealed from have passed to petitioners, who are the proper parties to be substituted as respondents on this appeal. Secs. 511.540 and 507.100 R. S. 1949; Sec. 847.22 Mo. R. S. A.; S. Ct. Rule 3.08a; Wormington v. City of Monett, 356 Mo. 875, 204 S. W. 2d 264. The substitution is ordered accordingly.

■ Was jurisdiction shown? As stated, this is an action for unlawful detainer instituted before a Justice of the Peace in Kaw Township, Jackson County, Missouri. It was alleged in the complaint, but denied in the answer, that the described premises were located in Kaw Township. Plaintiff, on the last trial of the cause, offered no evidence in support of this allegation of the complaint, although it had been expressly held on a prior appeal of this cause that ''there must be proof that the location of the property sought to be recovered is within the territorial jurisdiction of the justice'' before whom the original action was instituted; and that ''the failure of such proof was fatal to plaintiff's right of recovery.'' McIlvain v. Kavorinos, supra, 202 S. W. 2d 103, 106; Sec. 2760 R. S. 1939, repealed, Laws 1945, p. 1078, effective January 1, 1947. And see Jones v. Gleason (Mo. App.), 209 S. W. 2d 536, 539; Davis v. Gerson (Mo. Sup.), 203 S. W. 2d 724, 726.

[326] Respondents ''admit that the previous opinions rendered in this case declare that, in order to recover, plaintiff's evidence must establish (1) that the premises were situated in Kaw Township, Jackson County, Missouri, (2) the due date of the rent, (3) the termination of the tenancy, and (4) the date defendants vacated the premises,'' but respondents say that, ''relying on the decisions of the appellate courts of this state that the court will take judicial notice of its own records, the respondents deemed it unnecessary to again produce evidence as to these facts.'' Respondents further insist that, since upon the second trial of the cause in the circuit court, plaintiff did offer evidence that the premises in question were located in Kaw Township, Jackson County, Missouri, and since such evidence appeared in the transcript of the record on the prior appeal of this cause, this court may now take judicial notice of such fact to sustain the judgment of the trial court on the present record, wherein no such proof was offered. Respondents insist further that the facts in question are now within the knowledge of the court and the necessity of further establishing these facts by evidence may be dispensed with;

and that "judicial notice supplies facts which otherwise must be proved."

While this court may judicially notice its own records for proper purposes, and while the court may judicially know that the plaintiff in a prior trial of the cause did offer evidence that the premises in question were located in Kaw Township, we also know that upon the retrial of the cause the plaintiff offered no such evidence. The evidence offered on the prior trial was not re-offered and such evidence was not made a part of the evidence upon which this cause was submitted to the circuit court and it was not included as a part of the transcript upon which this cause was presented for review in this court. The correctness of such testimony was not admitted at the prior trial and the verdict of the jury based thereon has been set aside and a new trial ordered. We may not now judicially notice such evidence for the purpose of incorporating it into the record on appeal, nor may we determine its weight and value on the merits of the cause, nor may we adjudge it sufficient so as to sustain a finding of the trial court that was in no way based upon such evidence. Nor can this court take judicial notice that 3924 Main Street in Kansas City, Missouri is located in Kaw Township. Jones v. Gleason, supra, 209 S. W. 2d 536, 539; Davis v. Gerson, supra, 203 S. W. 2d 724, 726; State v. Schneiders, 259 Mo. 319, 329, 168 S. W. 604.

Respondents cite Collins v. Leahy, 347 Mo. 133, 146 S. W. 609; Thompson v. Scott, 323 Mo. 790, 19 S. W. 2d 1063; Bushman v. Barlow, 321 Mo. 1052, 15 S. W. 2d 329; Scheufler v. Continental Life Ins. Co., 350 Mo. 886, 169 S. W. 2d 359; Ross Construction Co. v. Chiles, 344 Mo. 1084, 130 S. W. 2d 524. We find nothing in these cases authorizing us to judicially notice and weigh, for the purpose of determining the merits of this cause on appeal, evidence not offered at the trial, but which had been offered at a prior trial of the cause. We cannot judicially notice such evidence for that purpose. Keaton v. Jorndt, 259 Mo. 179, 189, 168 S. W. 734, 736; Knorp v. Thompson, 352 Mo. 44, 175 S. W. 2d 889, 894; Hume v. Wright (Mo. Sup.), 274 S. W. 741, 744; State ex rel. National Lead Co. v. Smith (Mo. App.), 134 S. W. 2d 1061, 1069; Sec. 847.135 R. S. A; Sec. 512.110 R. S. 1949.

██ Was appellant's month to month tenancy terminated and, if so, when? Respondents concede that no evidence was offered at the last trial concerning any notice to terminate appellant's tenancy or as to the date of service of such notice, but respondents insist that the matter was "definitely adjudicated" and is now res adjudicata, since the Kansas City Court of Appeals held that the notice, which plaintiff's evidence on the prior trial tended to show as given, "was sufficient to inform defendants of the owner's purpose and intention to terminate the tenancy." McIlvain v. Kavorinos, supra, 202 S. W. 2d 103, 106. Respondents also cite cases where final judgments were

involved, such as Custer v. Kroeger, 313 Mo. 130, 280. S. W. 1035; Goth v. Goth, 237 Mo. App. 360, 167 S. W. 2d 384; and [327] Shay v. New York Life Ins. Co., 354 Mo. 920, 192 S. W. 2d 421. In this case there has been no final judgment on the merits of the cause, but if respondent had seen fit to offer upon the retrial of the cause the same, or substantially the same evidence concerning notice and the date of service thereof as had been offered upon the first trial, the sufficiency of such evidence would have been determined by the law of the case and would not have been open to question or re-examination, unless the prior holding was clearly wrong. Teel v. May Dept. Stores Co., 352 Mo. 127, 176 S. W. 2d 440, 444; Lloyd v. Alton R. Co., 351 Mo. 1156, 175 S. W. 2d 819, 824; Trower v. Missouri-Kansas-Texas R. Co., 353 Mo. 757, 184 S. W. 2d 428, 432. Since, on the last trial of the cause, the same or similar evidence of notice and service thereof was not given, the prior decision on the issue mentioned is not the law of the case. Schell v. City of Jefferson, 361 Mo. 495, 235 S. W. 2d 351. Nor may we judicially notice, weigh and consider at this time the evidence which was offered upon this issue at a prior trial of the cause in the circuit court. The reasons therefor have heretofore been stated. In this connection respondents further insist that the cause was last remanded for new trial on the issue of damages only and that the issue of unlawful detainer, notice, service and termination of tenancy were no longer in the case. There is no merit in this contention. The judgment was reversed and the cause remanded for a new trial on all issues. See Star Bottling Co. v. Louisiana Purchase Exposition Co., 240 Mo. 634, 639, 144 S. W. 776; Crispen v. Hannovan, 86 Mo. 160, 167; McIlvain v. Kavorinos, supra, 219 S. W. 2d 349.

Respondents further contend that proof of notice and service thereof and the termination of appellant's tenancy were admitted by stipulation and by conduct of counsel and that proof thereof was not required. A careful reading of the record, stipulation and statements fails to sustain this contention. There was no evidence, stipulation or admission in the record from which an inference can be drawn that appellant's month to month tenancy was at any particular time terminated by the service of a lawful and proper notice, nor that defendant at any time unlawfully detained the possession of the described premises from the plaintiff, nor as to when such unlawful detainer, if any, began or when it ended.

The tenancy being from month to month, it was necessary for the plaintiff to show that a valid notice to quit was given and there could be no unlawful detainer until after the notice was given and the time provided therein had expired. McFarland Real Estate Co. v. Joseph Gerardi Hotel Co., 202 Mo. 597, 604, 100 S. W. 577; Esker v. Davis (Mo. App.), 207 S. W. 2d 798, 800; Fisher v. Payton (Mo. App.), 219 S. W. 2d 293, 296; Sec. 2971 R. S. 1939. The

758

number of months of unlawful detention of possession, if any, when it began and when it ended, cannot be ascertained from the record upon which the cause was submitted. The findings of the court and the judgment entered thereon are therefore unsupported by the evidence in the respects mentioned.

Appellant now insists that the judgment be "reversed outright" since the action is highly penal in nature and respondents have had plenty of opportunity to make out a legally submissible case and have failed to do so. While it is apparent that the history of this case may tend to discourage litigation nevertheless the present judgment cannot be affirmed, but the cause should be remanded for a new trial. The plaintiff obtained a verdict on each of the prior submissions of the cause in the justice and circuit courts and the rental value of the premises has been fixed in an ascending scale, towit, $85, $105 and $125 per month. In the prior appeal the verdict was insufficient to sustain the judgment entered. There is nothing in this record to show that a legally submissible case cannot be made out. On retrial counsel should recognize the well established proposition that the burden of proof rests upon plaintiff to make out a case and that, "The statutes providing for the practice and proceedings in forcible entry and detainer constitute a [328] special and preclusive code. * * * Such a proceeding is not to be measured or determined by the ordinary rules and proceedings in civil cases." Gary Realty Co. v. Kelly, 278 Mo. 450, 214 S. W. 92; McIlvain v. Kavorinos, supra, 219 S. W. 2d 349, 351; Chapter 534, Sec. 534.010 et seq. R. S. 1949.

The judgment is reversed and the cause remanded for a new trial. All concur.