FIRST NATIONAL BANK OF KANSAS CITY, Missouri, and Arthur Mag, Executors and Trustees under the Last Will and Testament of Lettie B. McIlvain, Deceased, Respondents,

v.

James KAVORINOS, Marion D. Waltner, Esther L. Purdome (Formerly Esther L. Rimann) Administratrix of the Estate of W. C. Rimann, deceased, and Frank Kavorinos, Appellants.

No. 44744.

Supreme Court of Missouri, Division No 1.

Nov. 14, 1955.

———◆———

Clarence C. Chilcott, Kansas City, for appellants James Kavorinos, Frank Kavorinos and Marion D. Waltner.

Don G. Stubbs, R. S. McKenzie, Stubbs, McKenzie, Williams & Merrick, Kansas City, for appellant Esther L. Purdome.

Landry Harwood, Kansas City, for respondents.

DALTON, Presiding Judge.

This is an appeal from a judgment entered by the court, on motion of plaintiffs and after the issuance and service of summons on defendant and his sureties (appellants here), on two appeal bonds theretofore filed in an unlawful detainer case. One of these appeal bonds, for the principal sum of $2,500, was filed in the justice court and the other for $12,000 was filed in the circuit court.

The judgment now appealed from was entered December 10, 1954, subsequent to the affirmance by this court of a final judgment for plaintiffs for $11,000 in the unlawful detainer action, July 12, 1954. First National Bank of Kansas City v. Kavorinos, Mo.Sup., 270 S.W.2d 23.

The transcript on this appeal shows only the motion for judgment on the two appeal bonds in question, the order of the court for the issuance of summons to defendant and his sureties, the motions of appellants for judgment on the pleadings and to strike plaintiff's-respondent's motion for judgment on the bonds, the trial court's rulings thereon, the subsequent answers of the defendant and his sureties and the

evidence offered by plaintiffs in support of their motion. The evidence consisted only of the opinion of this court, as filed on July 12, 1954, in the case of First National Bank of Kansas City v. Kavorinos, supra, the mandate of this court in said cause, Section 512.100 RSMo 1949, V.A.M.S., the two bonds upon which judgment was sought and the motion for judgment itself. It further appears from the record that the motion was filed in the circuit court of Jackson County in case No. 510,860, which is the number given to the original unlawful detainer suit when it first reached the circuit court. While the transcript is incomplete in many respects, the essential facts upon which this appeal turns are not in dispute, as is evident from a reading of the pleadings and briefs filed.

As stated, the original action, at the conclusion of which the judgment appealed from was entered on motion, was an action in unlawful detainer. The action was instituted before D. P. Strother, a justice of the peace, in Kaw Township, Jackson County, on November 3, 1945, to recover possession of premises located at 3924 Main Street in Kansas City. The original plaintiff, Lettie B. McIlvain, is now deceased and her executors and trustees under her will have been substituted and are the present plaintiffs-respondents.

The original cause in unlawful detainer was before this Court en Banc on three occasions. McIlvain v. Kavorinos, 358 Mo. 1153, 219 S.W.2d 349; McIlvain v. Kavorinos, 361 Mo. 749, 236 S.W.2d 322; First National Bank of Kansas City v. Kavorinos, Mo.Sup., 270 S.W.2d 23. It was twice before the Kansas City Court of Appeals. McIlvain v. Kavorinos, Mo.App., 202 S.W. 2d 103; McIlvain v. Kavorinos, Mo.App., 212 S.W.2d 85.

The motion for judgment on the appeal bonds alleged that subsequent to the institution of the original action and, on or about April 10, 1946, judgment was entered for plaintiff by the said Justice of the Peace for $1,020 and $170 rent and profits from

said date to date of restitution; and that defendants appealed to the circuit court of Jackson County and filed an appeal bond for $2,500. In support of this allegation, plaintiffs-respondents offered in evidence Exhibit 4, as follows:

Before
D. P. Strother
Justice of the Peace
District, Kaw Township
Jackson County, Missouri.

"Lettie B. McIlvain,
                        Plaintiff
                vs.              .
Antone Kavorinos, Bessie Kavorinos, James Kavorinos, Dean Kavorinos, doing business as Rinor's Cafe,
                        Defendants

"State of Missouri  �️
  "County of Jackson ⎬ ss

"We, the undersigned, Antone Kavorinos, Bessie Kavorinos, James Kavorinos, Dean Kavorinos, as principals and Marion D. Waltner as surety acknowledge ourselves indebted to Lettie B. McIlvain in the sum of Twenty-five Hundred and no/100 Dollars, to be void upon the following conditions:

"Whereas, Antone Kavorinos, Bessie Kavorinos, James Kavorinos, Dean Kavorinos, d/b/a Rinor's Cafe have appealed from the judgment of D. P. Strother, a Justice of the Peace, in an action in alleged unlawful detainer between Lettie B. McIlvain plaintiff and Antone Kavorinos, Bessie Kavorinos, James Kavorinos and Dean Kavorinos, doing business as Rinor's Cafe, defendants.

"Now, if on such appeal, the judgment of the Justice be affirmed, or if on the trial anew in the appellate court judgment be given against the appellant, and they shall satisfy such judgment, or if this appeal shall be dismissed, and they shall pay the judgment of the Justice, together with the costs of appeal, then this recognizance shall be void; otherwise to remain in full force.

"James Kavorinos
"Antone Kavorinos
"Dean Kavorinos
"Bessie Kavorinos
"Marion D. Waltner

"Approved this 13 day of April, 1946.

"D. P. Strother
        "Justice of the Peace."

After this bond was filed and approved and the cause appealed to the circuit court, a trial was had and a judgment was again entered for plaintiff. Defendants then took an appeal to the Kansas City Court of Appeals, where the judgment was reversed and the cause remanded. McIlvain v. Kavorinos, 202 S.W.2d 103. On re-trial in the circuit court judgment was again entered for plaintiff and a further appeal had to the Kansas City Court of Appeals. When this appeal was taken to the Kansas City Court of Appeals, the defendants filed in the circuit court a supersedeas bond in the sum of $12,000. This is the second bond involved in this proceeding, being plaintiff's exhibit 3, as follows:

"Lettie B. McIlvain,
                        Plaintiff,
                vs.
                                No. 510860
  . James Kavorinos and Bessie Kavorinos, doing business as Rinor's Cafe,

"Appeal Bond
"Know all men by these presents, that we James Kavorinos and Bessie Kavorinos, partners doing business as Rinor's Cafe, as principal, and W. C. Rimann of Kansas City, Mo. and Frank Kavorinos of Kansas City, Mo. as sureties, are held and firmly bound unto Lettie B. McIlvain in the sum of Twelve Thousand ($12,000) Dollars, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally, firmly by these presents.

"The condition of the above obligation is such that whereas Lettie B. McIlvain has in the Circuit Court of Jackson County, State of Missouri, in the above entitled cause therein pending recovered a judgment against the said James Kavorinos and Bessie Kavorinos, doing business as Rinor's Cafe and whereas the above-named appellants have, according to law, taken an appeal from the said judgment.

"Now, Therefore, if the said appellant shall satisfy the said judgment in full together with costs, interest and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and shall satisfy in full such modification of the judgment and such costs, interest and damages as the appellate court may adjudge and award, or if the said judgment be set aside, then this obligation shall be void; otherwise to remain in full force and effect.

"Sealed with our seals and dated at Kansas City, Missouri, this      day of November, 1947.

| | |
|---|---|
| "Bessie Kavorinos | (Seal) |
| "James Kavorinos | (Seal) |
| "Principal | |
| "W. C. Rimann | (Seal) |
| "Frank Kavorinos | (Seal) |
| "Sureties | |

"Approved this 26 Day of November, 1947

"This bond conditioned also that defendants shall present their appeal with effect and without delay, neither commit nor suffer to be committed any waste or damage on the premises whereof restitution is adjudged, pay all rents and profits, damages and costs that may be adjudged against them and shall otherwise abide the judgment of the Court."

By stipulation of the parties it appears that an order was duly entered of record in the circuit court in Case No. 510,860 approving the above $12,000 appeal bond filed by defendants with W. C. Rimann and Frank Kavorinos as sureties thereon.

As stated, the cause was appealed to the Kansas City Court of Appeals, which court would have affirmed the judgment, see McIlvain v. Kavorinos, Mo.App., 212 S.W.2d 85, but the cause was transferred to this court, where the judgment of the circuit court was reversed and the cause remanded. McIlvain v. Kavorinos, 358 Mo. 1153, 219 S.W.2d 349.

A further trial was had in the circuit court and a judgment was again entered for plaintiff and a further appeal was had to this court where the judgment was reversed and the cause remanded. McIlvain v. Kavorinos, 361 Mo. 749, 236 S.W.2d 322. Thereafter, a further trial was had in the circuit court, a judgment was again entered for plaintiff and a further appeal had to this court and the final judgment affirmed, First National Bank of Kansas City v. Kavorinos, 270 S.W.2d 23.

A copy of the final judgment, as entered in the unlawful detainer action, on March 24, 1953, and as later affirmed in this court on July 12, 1954, does not appear from the transcript on this appeal, although the opinion of this court (which was in evidence) states that the judgment was for plaintiffs for $11,000.

Thereafter, as stated, plaintiffs-respondents filed their motion in the circuit court of Jackson County for judgment on the two appeal bonds hereinbefore set out and the appellants were duly notified and they raised timely objections, but the court entered judgment, in part, as follows: "Against James Kavorinos in the sum of $12,000.00 the penal sum of the bond, to be satisfied by the payment of $11,000.00, the amount of the judgment heretofore rendered herein, with interest at 6% from July 12, 1954, and costs. (Satisfaction of this judgment to be held and considered as to him alone a satisfaction of the judgment rendered against him alone on or about October 20, 1947, wherein in this cause No. 510,860, Lettie B. McIlvain was plaintiff and James Kavorinos, et al., were defendants, and further described in the $12,000.00 appeal bond.)

"Against Frank Kavorinos and Mrs. Esther L. Purdome (formerly Esther L. Rimann) Administratrix of the Estate of W. C. Rimann, deceased, in the sum of $12,-000.00, the penal sum of the bond, to be satisfied by the payment of $11,000.00, the amount of the judgment heretofore rendered herein, with interest at 6% from July 12, 1954, and costs, as sureties on said $12,-000.00 appeal bond.

"Against Marion D. Waltner personally, as surety for the $2500.00, the penal sum of the bond, to be satisfied upon the payment of $2500.00, the amount of the judgment heretofore rendered against him herein, with interest at 6% from July 12, 1954, and costs, said bond being introduced in evidence with approval thereon on or about April 13, 1946. That plaintiffs have and recover their costs in their behalf expended and that plaintiffs have execution therefor as herein above set forth."

Appellants Marion D. Waltner, James Kavorinos and Frank Kavorinos first contend that the court erred in assuming jurisdiction to determine the liability of the sureties upon the bonds because "the court had no power to hear, determine and enter judgment against the sureties upon the appeal bond posted in the justice court of Duvaul P. Strother, as there is no statutory provision for a summary judgment upon appeal bonds in unlawful detainer actions." Appellant, Esther L. Purdome (formerly Esther L. Rimann), Administratrix of the Estate of W. C. Rimann, deceased, adopts the same theory with reference to the $12,-000 bond filed in the circuit court, to wit, that the circuit court was without jurisdiction to proceed in the original cause on motion and in the summary manner provided by Sec. 512.100 RSMo 1949, V.A.M.S., to render the judgment appealed from. All appellants further contend that "there was no breach of the appeal (supersedeas) bond for $12,000.00, as the judgment stayed by it was set aside and the cause reversed and remanded for a new trial"; and that the bond "was by its own terms avoided."

When the $2,500 appeal bond was filed and approved in the justice court on April 13, 1946 in the unlawful detainer action, Secs. 2884, 2887, and 2904 RSMo 1939 were in full force and effect. Similar sections have been effective since January 1, 1947, to wit, Secs. 534.420, 534.440, and 534.570, which were in effect when the $12,000 supersedeas bond was filed and approved in the circuit court on the 26th day of November 1947.

■■■ Since the action was one in unlawful detainer, it is apparent that the first bond was purportedly filed in compliance with Secs. 2884 and 2887 RSMo 1939. And see, Sec. 534.420, supra. It is immaterial here that the bond did not strictly conform to the statutory terms. Gary Realty Co. v. Swinney, 306 Mo..592, 269 S.W. 961, 965. It is further unnecessary here to determine the correctness of respondents' contention that where a bond is given in pursuance of a particular statute the court will read into the bond the terms of the statute, which have been omitted from the bond, so that the liabilities of the sureties will continue until final judgment. People, to Use of Wilson v. Mosley, Mo.Sup., 263 S.W.2d 340; Fogarty v. Davis, 305 Mo. 288, 264 S.W. 879, 880; State v. Vienup, 347 Mo. 382, 147 S.W.2d 627; State ex rel. Jefferson County v. Sheible, Mo.Sup., 163 S.W.2d 559. The special statutes dealing with forcible entry and unlawful detainer control over the general statutes concerning civil procedure. Gunn v. Sinclair, 52 Mo. 327, 332; Hastings v. Hennessey, 58 Mo. App. 205, 208; State ex inf. Barrett v. Imhoff, 291 Mo. 603, 238 S.W. 122, 125(7).

Respondents have at all times herein proceeded in accordance with the provisions of Sec. 512.100 RSMo 1949, V.A.M.S. with reference to the enforcement of the bonds in question, while appellants contend that said section has no application to bonds given in unlawful detainer proceedings. Appellants point out that Chap. 534 RSMo 1949, Sec. 534.010 et seq., V.A.M.S., dealing with forcible entry and unlawful detainer, does not contain any provision similar to Sec. 512.100, supra, nor did Art. 2 of Chap. 12 RSMo 1939. It will be noted that supersedeas bonds filed in the circuit court

in forcible entry and unlawful detainer cases under Sec. 534.570, supra, are required to have different conditions from supersedeas bonds filed under Sec. 512.080. Section 512.100, supra, Laws 1943, pp. 353, 393, Sec. 134, has been effective since January 1, 1945 and it is of course applicable to appeal bonds filed under the provisions of Sec. 512.080.

Appellants rely upon the well-established general rule that statutes governing actions in forcible entry and unlawful detainer constitute an exclusive and special code; and that such a proceeding is not to be measured or determined by the ordinary rules and proceedings in civil cases. McIlvain v. Kavorinos, 358 Mo. 1153, 219 S. W.2d 349, 351; McIlvain v. Kavorinos, 361 Mo. 749, 236 S.W.2d 322, 328. In State ex rel. Kelly v. Trimble, 297 Mo. 104, 247 S.W. 187, 191, 1009, this court said: "It should be borne in mind that the forcible entry and unlawful detainer act is full and complete in itself, and that we are not authorized to draw upon other general provisions of the statutes to assist in its construction and enforcement. This rule is so elementary and well known that it would be a useless waste of time to cite authorities in support thereof."

Appellants further insist that the judgment entered on motion in this case is in fact a summary judgment based upon a special statute which is not applicable here; and that the judgment is erroneous under the holdings in many cases to the effect that "such bonds may be sued on, if not complied with, but a summary judgment in the same suit has not been provided for." Gunn v. Sinclair, supra, 52 Mo. 327, 332; Keary v. Baker, 33 Mo. 603, 612; Powell v. Camp, 60 Mo. 569, 571; Gray v. Dryden, 79 Mo. 106, 107; Grunewald v. Schaales, 17 Mo.App. 324, 328; Harrington v. Evans, 49 Mo.App. 372, 376; Hadley v. Bernero, 97 Mo.App. 314, 321, 71 S.W. 451; Crow v. Williams, 104 Mo.App. 451, 454, 79 S.W. 183; 36 C.J.S., Forcible Entry and Detainer, § 95, p. 1227.

In the cases relied upon the judgments were apparently entered against the defendants and their sureties in a summary manner when final judgment was entered in the original cause, while in the case before us no such judgment was entered at the conclusion of the original cause, but thereafter a motion was filed in the original case for judgment on the bonds in reliance on Sec. 512.100, supra. It is apparent from a reading of Sec. 512.100 that it purports to provide for a special procedure and, therefore, for a summary judgment. In re Parker's Trust Estate, 228 Mo.App. 400, 67 S.W. 2d 114, 119. Unless this particular statute is applicable to unlawful detainer cases and to appeal bonds filed therein, the circuit court was without jurisdiction to enter the judgment appealed from.

■ Since the original action in which the bonds were filed was in unlawful detainer, we must and do hold that the $2,500 bond was not filed under the provisions of Sec. 2727 RSMo 1939, V.A.M.S. § 512.190 note (which section was in effect until January 1, 1947, Laws 1945, p. 765, Sec. 146, p. 803), but was filed under Sec. 2884 RSMo 1939 and that the $12,000 bond filed November 26, 1947 was not filed under and pursuant to Sec. 512.080 RSMo 1949, V.A.M.S., but was filed pursuant to Sec. 534.570. It follows that judgment on the $2,500 bond could not be rendered against the appellants under Sec. 2748 RS. Mo. 1939, nor under Sec. 512.320 RSMo 1949, V.A.M.S., which became effective January, 1, 1947, Laws 1945, p. 765, nor under Sec. 512.100 RSMo 1949, V.A.M.S.; and that since the $12,000 bond was not filed under or pursuant to Sec. 512.080, supra, but under Sec. 534.570, that Sec. 512.100 has no application to it. We must and do further hold that, since Sec. 512.100, supra, was not applicable to the bonds in question, the proceeding by motion in the original cause for judgment on the two bonds was unauthorized and beyond the jurisdiction of the court and judgment entered thereon cannot stand. Respondents, however, are not without a remedy in the circumstances, but if so advised may bring

an ordinary civil action or actions to recover on the bonds.

In view of the conclusions reached with reference to appellants' first contention, we do not reach the other issues presented.

The judgment is reversed.

All concur.